Steven **CHANDLER**, Appellant,

v.

The **STATE** of Texas, State.

No. 2-84-249-CR.

Court of Appeals of Texas, Fort Worth.

May 9, 1985.

Hal Jackson, Denton, for appellant.

Fred Marsh, Asst. Dist. Atty., Denton, for the State.

Before ASHWORTH and JOE SPUR-LOCK, II, JJ., and W.A. HUGHES, Jr., J. (Retired) (Sitting by Designation).

## OPINION

ASHWORTH, Justice.

A jury found appellant guilty of involuntary manslaughter and assessed his punishment at ten years confinement and a fine of $5,000.00. TEX. PENAL CODE ANN. sec. 19.05 (Vernon 1974). Appellant alleges improper jury argument in his first two grounds of error and in his third ground of error alleges that it is improper to allow a jury to find that an automobile is a deadly

weapon in the commission of the offense of involuntary manslaughter.

Judgment affirmed.

On the afternoon of December 16, 1983, appellant, Richard Middleton, and James David Erwin, were visiting and drinking at Erwin's apartment. About mid-afternoon appellant and Middleton drove to a nearby Laundromat and appellant took two cases of beer from a Coors truck which was parked in the area. They then returned to Erwin's apartment. The driver of the Coors truck approached them while they were in Middleton's pickup at Erwin's apartment. The Coors driver asked if they had taken beer from his truck and they denied doing so. The Coors driver then left and the trio decided to follow the Coors truck since they resented being accused of stealing beer from the truck.

They pursued the truck with Middleton driving, appellant sitting in the middle of the pickup and Erwin on the right side. As they were proceeding, a jogger was jogging on the right side of the road. Appellant stated, "Let's get him." Appellant grabbed the steering wheel and steered the pickup truck to the right side of the road where it collided with the jogger, causing his death. There was testimony that on prior occasions that same day, appellant had also grabbed the steering wheel attempting to direct the movement of the pickup. Middleton testified that he applied the brakes of the pickup and attempted to steer the pickup away from the jogger but was unable to do so.

During his closing argument, the prosecutor made the following statement:

> You see, you can judge this Defendant by his actions, and what his state of mind was when he started after the beer truck driver. You see, that shows you what kind the state of mind this Defendant here has. That shows you what his mental attitude was. He didn't care who he found, it could have been you, I, or any member of this audience walking down that street.

The statement was objected to by appellant's attorney, the objection was sustained and the jury instructed to disregard the reference to the jury. Appellant's motion for a mistrial was denied. The statement of the prosecutor is the subject of appellant's first ground of error.

The purpose of closing argument is to facilitate the jury in properly analyzing the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted in evidence. *Campbell v. State*, 610 S.W.2d 754, 756 (Tex. Crim.App.1980). To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; (4) plea for law enforcement. *Darden v. State*, 629 S.W.2d 46, 52 (Tex.Crim.App.1982); *Alejandro v. State*, 493 S.W.2d 230, 231–32 (Tex.Crim. App.1973).

When an argument exceeds the permissible bounds of the above areas, such will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused into the trial proceeding. *Mathews v. State*, 635 S.W.2d 532, 539 (Tex.Crim.App.1982); *Todd v. State*, 598 S.W.2d 286, 296 (Tex.Crim. App.1980).

The test to determine whether improper jury argument is harmless error is not whether a conviction could have been had without the improper argument, but whether there is a reasonable possibility that the argument complained of might have contributed to the conviction or the punishment assessed. *Garrett v. State*, 632 S.W.2d 350, 353–54 (Tex.Crim.App. 1982). In making this determination, we must review the evidence at the guilt-innocence stage as well as that adduced at the punishment phase of the trial. *See id.*

It is improper in argument for a prosecutor to ask members of the jury to place themselves in the shoes of the victim.

*United States v. Cook,* 592 F.2d 877 (5th Cir.1979), *cert. denied,* 442 U.S. 921, 99 S.Ct. 2847, 61 L.Ed.2d 289 (1979). However, it is also true that any harm from an improper jury argument by a prosecutor is cured when an objection to such argument is sustained and the jury instructed to disregard the statement unless the remarks are so inflammatory that their prejudicial effect cannot reasonably be removed by such an admonition. *Thomas v. State,* 578 S.W.2d 691, 695 (Tex.Crim.App.1979).

■ We hold the argument objected to was improper, however, we also hold that the instruction by the court to the jury to disregard such statement had the effect of curing such error. The remark was not so inflammatory that it could not be cured by the admonition of the court. Appellant's first ground of error is overruled.

■ Addressing appellant's second ground of error, during the punishment phase of the case, the following occurred:

Now, you do what you want to with this case, but when you go back there and you come out with your verdict, I want you to be able to say to Mr. Robertson, and to every other citizen of Denton County, Texas—

MR. JACKSON [Defendant's Attorney]: Objection, Your Honor, it's not ethical and inadmissible to point to one of the family and ask them to do something like that. And—I mean, in the audience. It's not proper and it's bad argument.

MR. MARSH [State's Attorney]: I will withdraw the argument, Your Honor.

MR. JACKSON: Judge, we ask you to instruct the jury to disregard it.

THE COURT: I'll instruct the jury to disregard.

MR. JACKSON: And then we further move for a mistrial.

THE COURT: Denied.

John T. Robertson, the father of the deceased jogger, testified for the State during the trial and apparently was in the courtroom during the argument in question. We hold the argument objected to was not permissible under any of the four areas of permissible argument set forth above. It was a plea to the passion of the members of the jury and was not a plea for law enforcement, and was improper. However, applying the principles stated above which apply to rulings of the court on objections and instructions to the jury to disregard improper argument, and looking at the record as a whole, we find that the error presented by such statement was cured by the ruling of the court and instructions to the jury to disregard the same. Appellant's second ground of error is overruled.

Appellant's third ground of error contends the trial court committed reversible error in submitting an issue to the jury in the charge on punishment which allowed the jury to find that appellant used a deadly weapon in the commission of the offense, because the jury's verdict of involuntary manslaughter negated such a finding.

TEX.CODE CRIM.PROC.ANN. art. 42.-12, sec. 3f(a)(2) (Vernon Supp.1985) provides in effect that probation will be denied if it is shown that a defendant has used or exhibited a deadly weapon as defined in TEX.PENAL CODE ANN. sec. 1.07(a)(11) (Vernon 1974) during the commission of a felony offense or during immediate flight therefrom. TEX.PENAL CODE ANN. sec. 1.07(a)(11)(B) (Vernon 1974) states in effect that a deadly weapon is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

■ Appellant's argument is that since he was found guilty of recklessly causing bodily injury there was no intent on his part to cause harm or injury to any person, and therefore, the issue of deadly weapon does not apply after a jury finding of involuntary manslaughter. An automobile can be a deadly weapon depending upon the manner of its use or intended use. *Hubbard v. State,* 579 S.W.2d 930 (Tex. Crim.App.1979); *Parrish v. State,* 647 S.W.2d 8, 10–11 (Tex.App.—Houston [14th Dist.] 1982). Involuntary manslaughter is a felony offense; if the Legislature had

intended to exempt such an offense from the provisions of art. 42.12 pertaining to probation, we must presume that they would have expressly provided for such exception. Appellant's third ground of error is overruled.

Judgment affirmed.