Dewayne Donnell
WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–86–042 CR.

Court of Appeals of Texas,
Beaumont.

June 17, 1987.

Douglas Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Appellant was convicted by a jury of aggravated sexual assault. The jury found prior felony convictions and assessed punishment at thirty years confinement in the Texas Department of Corrections. In addition, they imposed a fine of $5,000. Appellant urges six points of error.

Appellant was indicted for the aggravated sexual assault of C.M. alleged to have been committed on or about March 25, 1985. C.M. testified that she had been asked to come over to appellant's home to clean house for him. She arrived at the home and received some preliminary instructions from appellant. Appellant then offered her a beer, and she "took a couple of sips." Appellant then lit up a "joint" and began to blow smoke in C.M.'s face. C.M. asked appellant to stop and started to leave, actually going outside the house. Appellant then asked C.M. to come back inside telling her he was going to leave and she could clean the house. When C.M. went back into the house appellant slammed the door, grabbed her and slammed her against the wall. Appellant ordered her to remove her clothing and threatening to cut her throat if she refused. C.M. complied, appellant then threw her to the floor and forcibly had intercourse with her. C.M. testified that she did not consent to the intercourse, but was compelled by the threat of violence and the use of force and that she was in fear of serious bodily injury and death. After the assault, she went home and showered. She testified that she did not call the police immediately because she was afraid but later made an outcry to a former teacher and a member of a rape crisis center.

Appellant did not testify but produced witnesses who placed him in another town on the date alleged in the indictment and witnesses who testified that C.M. had a bad reputation for truth and that C.M. had fabricated stories about previous offenses. Appellant also attempted to show that C.M.'s allegations were in some way retribution for appellant having informed on C.M.'s uncle for selling controlled substances.

The first point of error alleges the statute, as applied to appellant, constitutes *ex post facto* legislation. This contention is based upon the fact that the statute involved, *TEX.PENAL CODE ANN. art. 22.-021* (Vernon 1986), was not effective until September 1, 1983. The jury was charged that the state was not bound by the date alleged in the indictment and that the defendant may be convicted if the offense had been committed within five years preceding the filing of the indictment.

Appellant argues that this allowed him to be convicted if the jury found the offense occurred between June 13, 1980 and June 13, 1985 (the date the indictment was returned). Since the offense did not exist prior to September 1, 1983, he alleges an *ex post facto* application. This same argument was recently addressed in *Turner v. State*, 726 S.W.2d 140 (Tex.Crim.App.1987) and rejected. We therefore must reject it also.

The next point of error complains of the admission of an extraneous offense. In rebuttal, the state produced S.B. who testified she too had been sexually assaulted by appellant. S.B. was a thirteen-year-old girl who had been hired by appellant as a baby-sitter. She testified appellant removed her clothing and twice placed his fingers in her vagina. Appellant vigorously objected to the introduction of this evidence. To his credit, the trial judge weighed the evidence and wrestled with the admissibility of the extraneous offense. Finally upon the strength of *Walker v.*

*State*, 588 S.W.2d 920 (Tex.Crim.App.1979) the trial judge admitted the evidence. He apparently did so because C.M. had testified she had not seen any marks or tattoos on appellant's body and appellant had introduced a photograph of a tiger tattooed on his abdomen. A recent exhaustive discussion on the subject of extraneous offenses is *Boutwell v. State*, 719 S.W.2d 164 (Tex. Crim.App.1985). *Boutwell* rejects all the stated theories under which the state was attempting to introduce the extraneous offense. *Boutwell* does, however, recognize that extraneous offenses may be introduced to rebut that the defendant was being framed by the witnesses. Thus, the trial court did not err. This point of error is overruled.

■ The third point of error complains the prosecutor committed reversible error by intentionally inviting speculation by a witness. The complaint is based upon the following portion of the record:

"Q. If a person has been convicted of more than one crime do you think that on the second time they should be punished more?

"A. I have the feeling—(interrupted).

"[DEFENSE COUNSEL]: Your Honor, we would object to that, as a speculative answer of the witness.

"THE COURT: Sustained.

"Q. Mrs. Williams, if you had a daughter who was sexually assaulted, what would you want done to the person who sexually assaulted your daughter?

"[DEFENSE COUNSEL]: Your Honor, we're going to object to that, as, also, pure speculation.

"THE COURT: Sustained.

"[DEFENSE COUNSEL]: Ask the jury to disregard the question.

"THE COURT: Jury is so instructed.

"[DEFENSE COUNSEL]: Also, move for a mistrial.

"THE COURT: That's denied.

"Q. If someone had sexually assaulted your daughter would you want that person to receive leniency or mercy or justice?

"[DEFENSE COUNSEL]: Your Honor, again, we feel that this is asking, or only speculation of this witness, and object to it being speculative.

"THE COURT: Sustained.

"[DEFENSE COUNSEL]: Ask that the jury disregard it.

"THE COURT: The jury is so instructed.

"[DEFENSE COUNSEL]: Move for a mistrial.

"THE COURT: That's denied."

The court properly sustained the objection and instructed the jury to disregard the question. The error, if any, was cured. *Mitchell v. State*, 455 S.W.2d 266 (Tex. Crim.App.1970). This point of error is overruled.

■ The fourth point of error avers the court erred in admitting evidence of a prior conviction. Appellant alleges the conviction was based upon an indictment which was fundamentally defective. The indictment was for theft and alleged an employee of a corporation as a special owner. This was proper under the then existing statute. Appellant claims the indictment is void because it does not state that the property was taken without the consent of the corporation. Such consent was not necessary since the indictment did not allege the corporation was an owner. The indictment was not void, thus the conviction was properly admitted. In any event, appellant was on trial for a first degree felony, and the enhancement paragraphs only increased the minimum punishment rather than the maximum. This would have been so if the jury found any one of the enhancement allegations true. Therefore, we find no harm to appellant even if the complained of conviction was inadmissible. *See Pinkston v. State*, 681 S.W.2d 893 (Tex. App.—Fort Worth 1984, pet. ref'd). This point of error is overruled.

Appellant next complains of the following portions of the state's argument on punishment:

"[DEFENSE COUNSEL] will have the opportunity to stand before you and no doubt will ask you for leniency and for a minimum period of time in the Texas Department of Corrections.

"How he will justify any leniency in this case I have no idea. I can only imagine that one of the things that he might say is that there was no one seriously injured or killed, but I don't believe that's the issue here today, and, in fact, C.M. is seriously injured. This woman will be emotionally scared [sic] for the remainder of her life.

"[DEFENSE COUNSEL]: Going to object, Your Honor. There's no evidence of any injury—testimony of any injury to the complaining witness in this case, psychologically or otherwise.

"THE COURT: Overruled. I have already instructed the jury that what the lawyers say is not evidence. They should make the decision based on the evidence. Go ahead.

"BY [PROSECUTOR]:

"Thank you, Your Honor.

"The pain and the anguish and the terror that she has will remain in her heart and mind for as long as she lives."

 Closing argument will not constitute reversible error unless, in light of the record as a whole, it is extreme or manifestly improper, violative of a statute, or interjects new facts harmful to the accused into the trial proceedings. *Phillips v. State,* 701 S.W.2d 875 (Tex.Crim.App.1985), *cert. denied,* — U.S. —, 106 S.Ct. 3285, 91 L.Ed.2d 574 (1986). That the victim would be emotionally scarred from an aggravated sexual assault is a reasonable deduction from the evidence in light of her testimony that she required counseling as a result of the experience. One may argue reasonable deductions from the evidence. *Alejandro v. State,* 493 S.W.2d 230 (Tex.Crim.App.1973). Further, although the court did not sustain the objection, the remarks made in response to the objection were in the nature of an admonition to the jury to disregard or, certainly, not to accept the prosecutor's remarks as fact. These remarks cured the error, if any. *Boyd v. State,* 643 S.W.2d 700 (Tex.Crim.App.1982). The point of error is overruled.

The final point of error complains of this portion of the State's final argument:

"How much of it are we going to take? Place yourselves in the shoes of the victim, the most personal violation of her body. How would you feel? What would you want?"

There was no objection to the argument, and unless the argument is so prejudicial that no instruction could cure the harm, the failure to object waives any error. *Green v. State,* 682 S.W.2d 271 (Tex. Crim.App.1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985). It is certainly improper to ask the jury to place themselves into the shoes of the victim. *Chandler v. State,* 689 S.W.2d 332 (Tex.App.—Fort Worth 1985, pet. ref'd). However, it is not so prejudicial that it cannot be cured by an instruction to disregard. *Chandler, supra.* The point of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.