**Billy G. ROBERTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 3–88–136–CR, 3–88–137–CR.**

Court of Appeals of Texas, Austin.

March 1, 1989.

Fancy Jezek, Killeen, for appellant.

James T. Russell, Administrative Asst., Belton, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

PER CURIAM.

In no. 3–88–136–CR, the trial court found appellant guilty of aggravated assault with a deadly weapon (a motor vehicle) and assessed punishment at imprisonment for two years. 1985 Tex.Gen.Laws, ch. 223, § 1 [Tex.Pen.Code § 22.02, since amended]. In no. 3–88–137–CR, the trial court found appellant guilty of aggravated assault resulting in serious bodily injury and assessed punishment at imprisonment for two years. *Id.* In each case, the court affirmatively found that appellant used a deadly weapon during the commission of the offense. Tex.Code Cr.P.Ann. arts. 42.12, § 3g(a)(2) and 42.18, § 8(b)(1) & (c) (Supp.1989).

The offenses occurred when appellant, intoxicated and fleeing a police officer, drove his pickup truck into an intersection at 80 to 100 miles per hour and collided with a car that was stopped at a red light. The collision caused bodily injury to the driver of the car and serious bodily injury to the front-seat passenger, as well as the death of the rear-seat passenger.

In his only point of error, appellant contends that because there was no showing that he intended to cause death or serious bodily injury or that he otherwise intended to employ his truck as a weapon, the district court erred by entering the affirmative finding that he used a deadly weapon in the commission of these offenses. Although not mentioned in his brief, if appellant were correct in his contention that the truck was not shown to be a deadly weapon, the evidence would be insufficient to sustain the conviction in no. 3–88–136–CR.

"Deadly weapon" is defined in Tex.Pen. Code Ann. § 1.07(a)(11) (1974) as

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

Because a motor vehicle is neither a firearm nor a thing manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury, it will be classified as a deadly weapon only if it "in the manner of its use or intended use is capable of causing death or serious bodily injury."

There is no requirement in § 1.07(a)(11)(B) that the defendant intend to cause death or serious bodily injury in order for an instrument to be a deadly weapon. It is sufficient that the instrument, as used by the defendant or as he intended to use it, was capable of causing death or serious bodily injury. In the present causes, the State alleged and

proved that appellant drove his truck in a reckless manner, i.e., with an awareness of, but conscious disregard for, a substantial and unjustifiable risk that injuries to another would result. Tex.Pen.Code Ann. § 6.03(c) (1974). A motor vehicle so used is capable of causing death or serious bodily injury, as the evidence in these causes makes tragically clear.

Appellant's reckless operation of his truck, and the death and serious bodily injuries to others that resulted, support the district court's finding that the truck was used as a deadly weapon. *Williams v. State,* 575 S.W.2d 30 (Tex.Cr.App.1979); *Parrish v. State,* 647 S.W.2d 8 (Tex.App. 1982, no pet.). That appellant's conduct was reckless, rather than intentional or knowing, does not alter the deadly manner in which he used the truck. *Chandler v. State,* 689 S.W.2d 332 (Tex.App.1985, pet. ref'd).

The evidence is sufficient to sustain the judgment of conviction for aggravated assault with a deadly weapon in no. 3–88–136–CR. The evidence is also sufficient to sustain in both causes the affirmative finding that appellant used a deadly weapon during the commission of the offense.

The judgments of conviction are affirmed.