**Aldo CELESTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–89–00103–CR.**

Court of Appeals of Texas, Tyler.

Feb. 22, 1991.

Dean White, Canton, for appellant.

Jeffie Massie, Canton, for appellee.

BILL BASS, Justice.

The appellant was convicted by a jury of the offense of aggravated sexual assault. The jury assessed his punishment at eight years confinement. We reverse and remand.

In his first point of error, appellant complains that the trial court erred in admitting the State's rebuttal evidence of extraneous sexual offenses by appellant involving a party other than the minor complainant.

During the State's cross-examination of appellant, the following colloquy occurred:

Q Is it your testimony, Mr. Celeste, that you never placed, or caused to be placed, your penis in the mouth of Michael Glenn Aaron?

A That is correct.

Q   And is it also your testimony that you never placed, or caused to be placed, Michael Glenn Aaron's penis in your mouth?

A   That is correct.

Q   Can you think of anything that you might have done to Michael to make him tell this story?

A   Well, it may be a little presumptive, but my believe [sic] is that Michael may have possibly told Jacky [sic] Morgan what he was saying to me, and consequently Jacky [sic] Morgan may have told him not to say another word about it and if anyone should ask to say that it was me so that Jacky [sic] Morgan wouldn't get in trouble. This is speculative but it's the only reason I have. It's the only reason I can think of, or the only possibility I can think of.

Q   In other words you think that Jacky [sic] may have set you up, so to speak, using Michael?

A   I think that ever since he knew that these experiences were revealed to me I feel that he went on the defensive and had to redirect Michael and say, hey, don't say it was me; say it was him, or something like that. That's the only speculation I have as to motive. I don't really know if it's something else.

Q   Again, would that be Jacky [sic] using Michael to set you up?

A   I guess, if that's what you want to call it.

Q   Frame you; set you up; get you in trouble?

MR. WHITE:   Your Honor, I believe he's answered it.

THE COURT:   Overruled.

A   I don't know the exact interpretation of set you up. I don't know exactly what you mean by set you up. I feel it was a diversion more than it was a set up.

▆▆   The State then called Jackie Morgan as a rebuttal witness. Morgan denied any sexual misconduct with Michael Glenn Aaron. He also denied that he had encouraged Michael to accuse the appellant. In re-

sponse to the State's questions, he then proceeded to recount several instances of sexual assault upon him by the appellant.

Appellant argues that the State may not use cross-examination of the appellant to first raise a collateral matter (in this case a defensive theory), and thereafter attempt to refute that theory by the introduction of collateral offenses. Citing *Shipman v. State*, 604 S.W.2d 182 (Tex.Cr.App.1980); *Livingston v. State*, 589 S.W.2d 395 (Tex. Cr.App.1979); and *Hammett v. State*, 713 S.W.2d 102 (Tex.Cr.App.1986).

In the State's view, a defensive theory is not a collateral matter, however it may be elicited. The State argues that once the appellant theorized that he was being framed at the instance of a third party, the State was entitled to introduce that third party's testimony to the extraneous offenses as part of its rebuttal testimony. Citing *Williams v. State*, 732 S.W.2d 762 (Tex.App.–Beaumont 1987, no pet.).

"The general rule is that an accused may not be tried for some collateral crime or for being a criminal generally." *Williams v. State*, 662 S.W.2d 344, 346 (Tex.Cr.App. 1983). The rule excluding evidence of extraneous offenses is based on the belief that although such evidence shows the defendant's propensity to criminal conduct, generally its prejudicial effect overwhelms its probative value in determining whether the accused committed the crime for which he is on trial. *Id.* "The danger is too great that juries would convict on character evidence of this type and that because a defendant had committed similar acts before ..., he should be convicted of the instant charge. In sex cases, this prejudice is even more pronounced." *Prior Sexual Offenses Against a Person Other Than the Prosecutrix*, 46 Tulane L.Rev. 336 (1971), cited in *Boutwell v. State*, 719 S.W.2d 164, 177 (Tex.Cr.App.1985). Texas courts recognize an exception to the general rule in the case of sex offenses to permit admission of similar sex offenses by the accused against the minor victim. *Boutwell*, 719 S.W.2d at 178. However, evidence of extraneous acts between a third party and the accused is barred unless ad-

mitted to prove a relevant contested issue. Even then, the probative value of the evidence of the extraneous offense must be greater than its prejudicial potential. *Williams*, 662 S.W.2d at 346.

"When a witness is cross-examined on a collateral matter, the cross-examining party may not then contradict the witness' answer." *Shipman*, at 604 S.W.2d 183. "[A] matter is collateral [if] the cross-examining party would [not] be entitled to prove it as a part of his case tending to establish his plea." *Arechiga v. State*, 462 S.W.2d 1, 2 (Tex.Cr.App.1971).

■ On cross-examination the prosecutor asked the appellant to speculate as to why the young complaining witness would want to falsely incriminate him. Appellant theorized that Jackie Morgan had instigated the false accusation in order to divert suspicion from himself. To prove the indictment the State would not have been entitled to present evidence of extraneous offenses to refute a defensive theory not yet urged by the defendant. The matters raised by the State were collateral to its proof of the indictment against the appellant. The State may not first extract a defensive theory from the accused on cross-examination and then proceed to rebut or impeach the accused's answer.

Moreover, the evidence of extraneous sexual acts with Jackie Morgan do not serve to rebut the defensive theory. Our Court of Criminal Appeals spoke on this issue in a decision involving the defense of alibi. "Rebuttal of a defense means evidence is introduced contradicting some aspect of the defense itself. . . . Extraneous offenses unrelated to the specifics or to any aspect of the alibi defense are not admissible under a theory that they rebut that alibi defense." *Boutwell*, 719 S.W.2d at 180. Jackie Morgan's testimony that he did not have homosexual relations with Michael Glenn Aaron or encourage him to accuse appellant does serve to rebut the theory. However, Jackie Wayne Morgan's testimony that he also had been sexually assaulted by appellant does not refute any specific aspect of the defense; it does no more than show generally appellant's pro-

pensity to commit the crime of sexual assault. The general rule barring the admission of evidence of extraneous acts of misconduct was designed to prevent the overwhelmingly prejudicial effect from the admission of just such "propensity" evidence.

The State relies heavily upon *Williams*, 732 S.W.2d 762, in which the Beaumont Court approved the admission of evidence of extraneous offenses to refute the accused's assertion that he was being "framed." *Williams* is distinguishable from the instant case in that the defensive theory was elicited not by the State, but by the defendant from a witness during the presentation of the defendant's case. Also, in *Williams*, the evidence of extraneous offenses apparently contradicted the specifics of the defense. The trial court erred in admitting the evidence of extraneous offenses. Appellant's first point of error is sustained.

■ In appellant's second point of error, he contends that the trial court erred in denying his motion for mistrial "when the State's witness, Mark Culver, violated the previously granted motion in limine, when, in a nonresponsive unsolicited answer, he stated he believed the alleged victim."

Prior to trial the trial court granted appellant's motion in limine which, in pertinent part, said "that the witnesses not refer to, allude to, or make any side bar comments, or make any unsolicited responses in giving their opinion as to whether any witness told the truth, is telling the truth, is believed to be telling the truth, or any remark that could be so conceived."

The witness, Mark Culver, was a child protective worker for the Department of Human Services. During appellant's cross-examination of Mark Culver, the following exchange occurred:

Q So this statement that I was furnished by the prosecution was not a correct statement of what Michael Aaron eventually told you, is that what you are telling me?

A You have a copy of the child's statement.

Q Yes.

**582**

A And you have a copy of my statement.

Q Yes.

A I believe the child was telling me the truth.

At that point, the appellant's attorney objected to the clear violation of the motion in limine and asked the trial judge to instruct the jury not to consider Culver's statement. The trial judge sustained appellant's objection and instructed the jury as requested. The trial judge overruled appellant's subsequent motion for mistrial.

Culver's non-responsive answer "I believe the child was telling me the truth" directly and flagrantly violated the motion in limine. The outcome of the trial hinged upon the credibility of the minor complainant. It is extremely doubtful that the court's instruction to disregard could have cured the impression created in the jury's mind by the improper testimony. Appellant's second point is sustained.

■ Appellant, in his third point, maintains that the trial court erred in allowing the testimony of the State's witness, Dr. Don Walker, in violation of the motion in limine. Dr. Walker testified as follows:

Q Would you consider a child such as one at Michael's mentally defective level to be one that could be easily led?

A I think I have to answer that with both a 'yes' and a 'no.' I think that it would be possible to confuse him if the issues that were being discussed with him were very complex issues, abstract issues, that sort of thing. I think it would be difficult to confuse him with things that he saw and experienced. He may not be able to give an abstract, theoretical—could not give an abstract, theoretical explanation, but he can be concrete.

The trial judge overruled appellant's objection. We also conclude that the challenged portion of Dr. Walker's testimony did not violate the motion in limine. The point is overruled.

Because of the errors found, the judgment of the trial court is reversed and the cause remanded for new trial.