IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-127-CR





CRAIG KNICKERBOCKER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 41,661, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING



 





PER CURIAM

 Appellant pleaded guilty and judicially confessed to the offense of involuntary
manslaughter. Tex. Penal Code Ann. § 19.05(a)(2) (West 1989). The district court assessed
punishment at imprisonment for ten years. The judgment contains a finding by the court that
appellant used a deadly weapon in the commission of this offense, a finding that appellant
challenges in his only point of error.

 Shortly after midnight on April 10, 1992, the automobile driven by appellant struck
the rear of a second vehicle as both travelled west on Highway 190 in Killeen. The second
vehicle slid onto the highway median, where it flipped and flew into the air. The driver, Stephen
Peck, was thrown out of the vehicle and into the eastbound lanes of traffic, where he was struck
by a truck. Peck was pronounced dead at the scene of the accident.

 Based on his analysis of the accident scene and other evidence, the investigating
police officer concluded that appellant's car was travelling between 90 and 110 miles per hour
when it struck Peck's vehicle. Two samples of appellant's blood taken that night at the hospital
showed alcohol concentrations of 0.22 and 0.18.

 Appellant argues that the evidence does not support the court's deadly weapon
finding. A motor vehicle is neither a firearm nor a thing manifestly designed, made, or adapted
for the purpose of inflicting death or serious bodily injury. Tex. Penal Code Ann. 
§ 1.07(a)(1)(A) (West 1974). But a motor vehicle can become a deadly weapon if it is used in a
manner capable of causing death or serious bodily injury. Penal Code § 1.07(a)(11)(B); Roberts
v. State, 766 S.W.2d 578 (Tex. App.--Austin 1989, no pet.). Appellant points out that there is
no evidence as to the cause of Peck's death. Appellant also notes that there is evidence that Peck
was alive after being thrown from his vehicle and before being struck by the truck. From this,
appellant concludes that the evidence is not sufficient to support a finding that he drove his car
in a deadly manner. 

 Appellant relies on the opinion in Turner v. State, 664 S.W.2d 86 (Tex. Crim.
App. 1983). In that case, a prosecution for murder, the indictment alleged that the defendant
caused the deceased's death by striking her with his fists, choking her with his hands, and kicking
her with his feet. The trial court found that appellant's fists and hands were used as deadly
weapons. The Court of Criminal Appeals set aside this finding, observing that there was no
medical evidence as to the cause of death or specifying the injuries inflicted by the fists and hands. 
"In fact most of the evidence courts normally look to in determining whether an instrument or
object is a deadly weapon from the manner of its use or intended use is not in the record." Id.
at 90 (footnote omitted).

 As we understand it, Turner holds only that the evidence in that case did not
support the court's affirmative finding. Contrary to the argument advanced by appellant, the
opinion does not hold that an object must be shown to have caused death before it can be found
to have been a deadly weapon in the manner of its use. Such a reading of Turner would be
contrary to the express language of section 1.07(a)(11)(B), which requires only that the object be
used in a manner capable of causing death or serious bodily injury. 

 In the cause before us, the evidence shows that appellant drove an automobile on
a public highway at a speed in excess of 90 miles per hour while significantly intoxicated. While
so doing, appellant drove his car into the rear of another vehicle with sufficient force to cause this
vehicle to leave the road and turn over, throwing its driver into the path of oncoming traffic. This
evidence is sufficient to support a finding that appellant used his automobile in a manner capable
of causing death or serious bodily injury. The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: September 22, 1993

[Do Not Publish]