Plyant v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-027-CR

     RONALD CHARLES PLYANT,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court # 22,460-361
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Ronald Plyant of sexual assault and assessed punishment of life
imprisonment and a $10,000 fine. See Tex. Penal Code Ann. § 22.011 (Vernon Supp. 1994). 
The jury also returned an affirmative finding on a deadly-weapon allegation. See id. § 1.07(11)
(Vernon 1974). In the first of two points of error, Plyant challenges the sufficiency of the
evidence showing that he penetrated the female sexual organ of the victim. In point two, he
challenges the sufficiency of the evidence to show that he used a deadly weapon in the commission
of the offense. We will affirm.
      The victim expressly testified that Plyant penetrated her vagina with his penis. Plyant, a
sometimes M.B.A. student at Texas A&M University, admitted attacking the victim. However,
he denied penetration, claiming instead that he merely rubbed his penis on her back and buttocks,
masturbating until he ejaculated. In resolving the sufficiency-of-the-evidence issue, we view all
the evidence in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable doubt. See
Villalon v. State, 791 S.W.2d 130, 132 (Tex. Crim. App. 1990). The jury is the exclusive judge
of the credibility of the witnesses and is free to accept or reject any of a witness' testimony. See
Lackey v. State, 819 S.W.2d 111, 116 (Tex. Crim. App. 1989). "[T]he evidence is not rendered
insufficient simply because [Plyant] presented a different version of the events." See Turro v.
State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). The victim's testimony is sufficient to
establish that Plyant penetrated her vagina with his penis. Point one is overruled.
      In point two, Plyant challenges the sufficiency of the evidence to support the jury's deadly-weapon finding. During the commission of the offense, Plyant wrapped the victim's belt around
her neck. According to the victim, Plyant wrapped the belt so tightly that her breathing was
interfered with and she was unable to shout out. Plyant agreed that he had wrapped the belt
around the victim's neck, but claimed he used the belt only to control the victim and did not intend
to use the belt as a weapon. 
      A "deadly weapon" is "anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury." See Tex. Penal Code Ann. § 1.07(11)(B). The State
was required to show by evidence that the belt was actually capable of causing death or serious
bodily injury in the manner Plyant used it. See Holder v. State, 837 S.W.2d 802, 808 (Tex.
App.—Austin 1992, pet. ref'd). We are required to determine whether the evidence is
constitutionally sufficient to support a rational finding by the jury that the belt was a deadly
weapon. See Thomas v. State, 821 S.W.2d 616, 620-21 (Tex. Crim. App. 1991). 
      The State presented testimony from a homicide detective who stated that the belt would be
capable of killing or seriously injuring a person when used in the manner described by the victim
and Plyant. Additionally, the victim testified that she feared for her life during the assault. The
jury was free to reject Plyant's account of his actions. See Lackey, 819 S.W.2d at 116; see also
Roberts v. State, 766 S.W.2d 578, 579 (Tex. App.—Austin 1989, no pet.). The evidence is
sufficient to support the jury's deadly-weapon finding. See Bethel v. State, 842 S.W.2d 804, 807
(Tex. App.—Houston [1st Dist.] 1992, no pet.). Point two is overruled.
      The judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 20, 1994
Do not publish