TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-93-00424-CR







Leroy Mitchell, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0924598, HONORABLE BOB PERKINS, JUDGE PRESIDING







PER CURIAM



 On July 4, 1992, when he was sixteen years old, appellant shot and killed Alvin Bronson,
III, in the course of a robbery. After a jury found appellant guilty of capital murder, the district
court assessed punishment at imprisonment for life. Act of April 16, 1985, 69th Leg., R.S., ch.
44, § 1, 1985 Tex. Gen. Laws 434 (Tex. Penal Code Ann. § 19.03(a)(2), since amended); see
Tex. Penal Code Ann. § 8.07(d) (West 1994).

 In his first point of error, appellant contends the district court erred by overruling his
motion for mistrial based on alleged improper jury argument by the prosecutor. The prosecutor
argued:


 The last thing, and I'll close with this. In trying to figure out how to
convince you that this is capital murder, it's difficult. And the hardest thing is to
face family in these cases, because their trust is in you. One of the things that was
said early on is that this was going to be the most important day in Leroy
Mitchell's life. Well, at least he's got a life. But there's a family out there, and
there's law enforcement, and there's the rest of the town. What about the rest of
us?



Appellant objected that this argument "is totally improper as to what the community or the law
enforcement or the family expects." The court sustained the objection and instructed the jury to
disregard the prosecutor's statement, but denied appellant's motion for mistrial.

 The accused is entitled to have his guilt or punishment determined on the basis of the
evidence and without reference to any outside influence. Cortez v. State, 683 S.W.2d 419, 420
(Tex. Crim. App. 1984). An argument designed to induce the jury to convict or assess a
particular punishment based on community sentiment has long been held to be improper. Id.; Goff
v. State, 794 S.W.2d 126 (Tex. App.--Austin 1990, pet. ref'd). Appellant urges that the
prosecutor was asking the jury to convict him of capital murder because the victim's family, law
enforcement, and the community at large demanded it.

 In its response to this point of error, the State points out that the prosecutor did not
expressly state that the persons mentioned "wanted," "desired," "required," or "expected" a
capital murder conviction and urges that the argument was a proper plea for law enforcement. 
See Borjan v. State, 787 S.W.2d 53, 56-58 (Tex. Crim. App. 1990) (prosecutor was arguing for
law enforcement when he asked jury to "think of the victims of these crimes" and of "the ones
who never come and tell you about it" when it assessed punishment for sexual assault of child);
Harris v. State, 784 S.W.2d 5, 11-13 (Tex. Crim. App. 1989) (prosecutor did not err 


by arguing that family, police, and people of county knew that there was only one proper verdict
in case); Motley v. State, 773 S.W.2d 283, 292-94 (Tex. Crim. App. 1989) (prosecutor did not
call for verdict based on community sentiment when he told jury it represented community and
that community was depending on it to answer capital punishment issues honestly). Assuming,
however, that the prosecutor's argument was improper, we are satisfied that it was not so
prejudicial to appellant as to be incurable by the court's instruction to disregard. Chandler v.
State, 689 S.W.2d 332, 335 (Tex. App.--Fort Worth 1985, pet. ref'd). Because the instruction
was sufficient to cure any error, the motion for mistrial was properly overruled. Point of error
one is overruled.

 In point of error two, appellant contends the court erred by refusing to instruct the jury
to disregard a portion of the prosecutor's argument that was addressed directly to appellant:


 [By the prosecutor:] Mr. Mitchell, you just didn't kill a cab driver.


 MS. ICENHAUER-RAMIREZ [defense counsel]: Your Honor, I object to
that. He's not supposed to address anything directly to this defendant. And he
knows that. He's supposed to be arguing to the jury. 


 THE COURT: Approach the bench, please.


 (Discussion at the bench.)


 THE COURT: I'll sustain the objection.


 MS. ICENHAUER-RAMIREZ: Could I have an instruction to disregard?


 THE COURT: I don't think an instruction is necessary either, according
to your analysis.


 MS. ICENHAUER-RAMIREZ: If you sustained it I need to ask for an
instruction.


 THE COURT: Your objection is only to have him not do that, correct? 
You're not asking to disregard?


 MS. ICENHAUER-RAMIREZ: I would like the jury to be instructed to
disregard Mr. Garcia's actions in directly addressing the defendant.


 MR. GARCIA [prosecutor]: I'm going to refrain from doing it only out of
caution for the record, but I feel, I think that it's certainly permissible to do what
I was doing. But I will change just out of caution.


 THE COURT: I'll overrule the objection.


 MR. GARCIA: Mr. Mitchell, you know, he just didn't kill a cab driver. 
He killed a son, he killed a brother, and he killed a friend. He robbed him and
basically for money. Is it worth it? He took a life. And he's earned a right to
life. He's guilty of capital murder. Thank you.



Appellant argues that the prosecutor exceeded the bounds of proper jury argument by directing
his remark to appellant and that the district court, having sustained appellant's objection,
reversibly erred by refusing to instruct the jury to disregard the remark.

 The latter portion of appellant's argument is not supported by the record. Although the
court first stated that appellant's objection to the prosecutor's argument was sustained, it changed
its ruling and overruled the objection after further discussion. This is not a case in which the trial
court refused to instruct the jury to disregard jury argument to which an objection had been
successfully urged. 

 This point of error, like the objection at trial, does not complain of the substance of the
prosecutor's remark but only of his addressing the remark to appellant rather than to the jury. 
The case on which appellant relies, Bird v. State, 527 S.W.2d 891 (Tex. Crim. App. 1975), is
distinguishable. In Bird, it was held that the prosecutor commented on the defendant's failure to
testify when he attempted to question the defendant during argument. Nothing of the sort
occurred in the cause before us. 

 After agreeing to direct his argument only to the jury, the prosecutor repeated and
elaborated on his statement that the murder victim was not "just . . . a cab driver." Appellant
voiced no further objection to this portion of the prosecutor's argument, which was supported by
the evidence. Assuming that the prosecutor should not have addressed appellant directly during
his argument and that the district court should have instructed the jury to disregard the statement
in question, we are satisfied that the error was harmless. Two persons were in the cab with
appellant when he shot the driver, both of whom testified for the State. Other witnesses testified
that appellant, a few hours after the murder, described shooting and robbing a cab driver. 
Appellant had a friend take pictures of him holding the stolen money and the murder weapon, and
these photographs were introduced in evidence. We conclude beyond a reasonable doubt that the
error complained of in this point of error did not contribute to the jury's verdict. Tex. R. App.
P. 81(b)(2); Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989). Point of error two
is overruled.

 Finally, appellant contends the district court erred by permitting the parties to enter into
an oral stipulation. He argues that all stipulations must be in writing. Tex. Code Crim. Proc.
Ann. art. 1.15 (West Supp. 1994). Article 1.15 specifies procedures to be followed in felony
cases in which a jury has been waived and trial is before the court. Messer v. State, 729 S.W.2d
694, 699 (Tex. Crim. App. 1986) (opinion on motion for rehearing). In cases in which a plea of
not guilty is entered before a jury, stipulations do not have to comply with article 1.15. Id. Point
of error three is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: February 8, 1995

Do Not Publish