TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00762-CR







Lionel Salazar, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 44,604, HONORABLE RICK MORRIS, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of aggravated kidnapping. Penal Code, 63d Leg.,
R.S., ch. 399, sec. 1, § 20.04, 1973 Tex. Gen. Laws 883, 915 (Tex. Penal Code Ann. § 20.04,
since amended). The jury assessed punishment, enhanced by two previous felony convictions,
at imprisonment for life.

 Appellant abducted the complaining witness from the parking lot of the Copper
Mountain post office in Killeen on August 9, 1994. As the complainant was entering her car,
appellant forced his way in, drove to a remote area in south Bell County, and sexually assaulted
her. Appellant then returned to the post office parking lot and ordered the complainant to follow
him in his car while he drove her car to a different location. The complainant promised to do so,
but instead drove to her place of employment. Appellant pursued her but she managed to elude
him and escape. The sufficiency of the evidence is not challenged.


1.  Guilt phase.

 During the State's opening statement and again during the testimony of an
investigating officer, appellant objected to any mention of his sexual assault of the victim on the
ground that it constituted an extraneous offense. The State responded that the sexual assault was
admissible to prove appellant abducted the complainant with intent to violate and sexually abuse
her, as alleged in the indictment. Appellant's objections were overruled, as were his requests that
the court instruct the jury to limit its consideration of the sexual assault to the issue of appellant's
intent. In points of error three and four, appellant complains of the court's refusal to give the
limiting instruction.

 The abduction and sexual assault of the complainant were indivisibly connected
with each other so as to form a single criminal transaction. Proof of the sexual assault was
necessary to explain the context and circumstances of the kidnapping. Thus, the sexual assault
was admissible under the exception to rule 404(b) for same transaction contextual evidence. 
Rogers v. State, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993); Lockhart v. State, 847 S.W.2d 568,
571 (Tex. Crim. App. 1992); Tex. R. Crim. Evid. 404(b). No limiting instruction is required
for such testimony. Camacho v. State, 864 S.W.2d 524, 535 (Tex. Crim. App. 1993). Points
of error three and four are overruled.

 Appellant repeated his extraneous offense objection when the complaining witness
described the sexual assault during her testimony. After this objection was overruled, appellant
asked that the State be required to articulate for the record its purpose in proving the sexual
assault. This motion was also overruled, an action appellant brings forward as point of error five.

 The prosecutor had twice before stated for the record that the evidence in question
was being offered to prove appellant's intent. We see no error in the court's failure to require the
prosecutor to explain himself a third time. Alternatively, any error was harmless beyond a
reasonable doubt since appellant does not bring forward a point of error contending that the sexual
assault evidence was inadmissible. Tex. R. App. P. 81(b)(2). Point of error five is overruled.

 Appellant brings forward three points of error concerning the prosecutor's jury
argument at the guilt stage. First, appellant contends the prosecutor attempted to shift the burden
of proof when he said, "Mr. Hurley [defense counsel] had a lot of the [sic] things to talk about
but he never did demonstrate in any way why that client of his is not guilty." Appellant objected
that this statement violated the presumption of innocence. The district court overruled the
objection but instructed the jury that it was the exclusive judge of the facts and was to be bound
by the law as stated in the court's charge. The prosecutor continued his argument by remarking
that defense attorneys never believe the evidence against their clients is sufficient to prove guilt
beyond a reasonable doubt.

 It is error for the prosecutor to make a statement of law that is contrary to that
contained in the court's charge. Burke v. State, 652 S.W.2d 788, 790 (Tex. Crim. App. 1983);
Davis v. State, 506 S.W.2d 909, 911 (Tex. Crim. App. 1974). The statement of which appellant
complains, however, was merely a response to defense counsel's argument questioning the
sufficiency of the State's evidence. The prosecutor did not argue that appellant had the burden
of proving his innocence and we think it unlikely that the jury attributed such meaning to the
prosecutor's remark. Point of error six is overruled.

 Next, appellant contends the prosecutor improperly injected the issue of punishment
into his argument when he said:


 

 His lawyer says he's disturbed. There's certainly no evidence that he was
disturbed. There's all the evidence before you in the world that he's an evil
criminal that preys on helpless women. We ask you to put a stop to him quickly
and we'll get on to the important phase of this trial. As I told you on jury
selection, what you heard relates to the crime itself. You don't know much about
this man, but what you do --.



Appellant objected that the prosecutor was asking the jury to consider punishment during its
deliberation on guilt or innocence. The objection was overruled but the court again reminded the
jury that it was to be governed by the charge.

 Appellant's point of error is directed to the prosecutor's reference to the "important
phase of this trial." He did not timely object to this statement. Further, like the similar argument
in Mann v. State, 718 S.W.2d 741, 744 (Tex. Crim. App. 1986), the prosecutor's argument was
directed mainly to the obvious strength of the prosecution's case. In context, the challenged
remark was, at most, harmless error. Point of error seven is overruled.

 Finally, appellant urges that the prosecutor improperly asked the jurors to put
themselves in the shoes of the victim by arguing, "You would want justice for one of yours if this
had happened to you and this man could easily pick any of our loved ones." Appellant's objection
was overruled but the jury was instructed to base its verdict on the evidence it heard from the
witnesses. 

 Appellant relies on the opinion in Chandler v. State, 689 S.W.2d 332, 334-35 (Tex.
App.--Fort Worth 1985, pet. ref'd). In that case, the defendant caused the truck in which he was
riding to swerve to the side of the road where it fatally struck a pedestrian. The prosecutor
argued, "He didn't care who he found, it could have been you, I, or any member of this audience
walking down that street." The court of appeals held that it was improper for the prosecutor to
ask the jurors to place themselves in the shoes of the victim.

 Assuming the prosecutor's argument in this cause was improper under the Chandler
standard, we find that the district court's failure to sustain appellant's objection was harmless
error. Although the court overruled the objection, it reminded the jury to determine appellant's
guilt from the evidence. That evidence was strong and in large part undisputed. We are satisfied
beyond a reasonable doubt that the error did not contribute to the conviction. Point of error eight
is overruled.



2.  Punishment phase.

 During the punishment phase, Kristie Kidd testified over appellant's objection that
on August 8, the day before the charged offense, she was approached by appellant in the parking
lot of the Copper Mountain post office. Appellant told Kidd that he was from out-of-town and
asked for directions to a business. She wrote the directions on the back of a business card and
gave the card to appellant. Appellant then said that his car was overheating. Kidd, a mechanic's
daughter, examined appellant's car and found no evidence of overheating. Kidd then offered to
show appellant the way to Central Texas University, where he said his brother was employed. 
Appellant declined this offer, saying he did not want to drive his car, and asked for a ride to a pay
phone. Kidd drove appellant two blocks to a service station, where he exited her car.

 Appellant urges that Kidd's testimony was irrelevant and inadmissible under
evidence rule 404(b) because it insinuated an extraneous offense. Tex. R. Crim. Evid. 404(b). 
Appellant also contends that any relevance the testimony might have had was outweighed by the
danger of unfair prejudice. Tex. R. Crim. Evid. 403.

 Despite his reliance on rule 404(b), appellant argues that Kidd's testimony was not
character evidence. This argument fails when Kidd's testimony is considered in context. As the
prosecutor stated during his closing argument:



[W]hat was the whole purpose of me calling this woman, Kristie Kidd? If that
don't show you that he's a predator that was stalking women in this area and he
found her, for whatever reason, to be one that he thought he couldn't rape. But
you know from the evidence he came back to the very same place the next day. 
And you know what he did to [the complainant].



 At the punishment stage, evidence may be offered regarding any matter the court
deems relevant to sentencing. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1995). 
The district court could reasonably conclude that appellant's behavior on the day before the
charged offense was a "circumstance of the defendant" that was relevant to the jury's sentencing
decision. See Miller-El v. State, 782 S.W.2d 892, 896 (Tex. Crim. App. 1990). Moreover,
article 37.07 expressly provides for the admission of character evidence at the punishment stage,
including unadjudicated extraneous offense evidence. Art. 37.07, § 3(a); see also Tex. R. Crim.
Evid. 404(c). Appellant's contention that Kidd's testimony was irrelevant and inadmissible under
rule 404(b) is without merit. Point of error one is overruled.

 Appellant does not separately argue his contention that the relevance of Kidd's
testimony was outweighed by the danger of unfair prejudice. Instead, appellant simply asserts that
Kidd's testimony was unfairly prejudicial because it was irrelevant. Having rejected appellant's
arguments regarding the relevance of the testimony, we are unpersuaded by this argument. Point
of error two is overruled.

 Appellant's next point of error complains of a violation of the witness exclusion
rule. Tex. R. Crim. Evid. 613. Bill Cooke, an investigator for the district attorney, testified that
he went to the jail and retrieved the shirt appellant was wearing at the time of his arrest and a
business card that was in appellant's wallet. These items were admitted in evidence. Cooke was
then asked if he had been present during the complainant's testimony. Cooke said he had been
"in and out." Defense counsel interrupted to object:



[I]f this individual has been in the courtroom during the testimony this is a
violation of the rule and I would object to any further testimony and ask that all his
previous testimony be stricken and that the items that have been introduced through
him be withdrawn and stricken from the record.



The objection was overruled. Cooke went on to testify that the right cuff of the shirt was
damaged, a fact that had been mentioned by the complainant. The witness further testified that
the business card bore the name of Kristie Kidd.

 The State argues that there was no violation of the witness rule because, while the
rule was invoked at the beginning of testimony at the guilt phase, it was not reinvoked at the
punishment phase. The State cites no authority to support its assertion that the rule must be
separately invoked at each stage of trial. In any event, while Cooke was called at the punishment
phase, the violation of the rule occurred during the complainant's testimony at the guilt phase. 
We conclude that a violation of the rule is shown.

 Enforcement of the witness exclusion rule is within the discretion of the trial court. 
Cooks v. State, 844 S.W.2d 697, 733 (Tex. Crim. App. 1992). By its nature, Cooke's testimony
could not have been influenced by his having heard portions of the complainant's testimony. On
this record, the district court has not been shown to have abused its discretion by permitting
Cooke to testify. Moreover, if there was an abuse of discretion, the error was harmless beyond
a reasonable doubt. See Moore v. State, 882 S.W.2d 844, 848 (Tex. Crim. App. 1994) (applying
harmless error rule). Point of error nine is overruled.

 The final point of error alleges improper jury argument at the punishment stage. 
As part of the statutory instruction on good time and parole, the jury was advised that appellant
will not become eligible for parole until his calendar time served equals one-half the sentence or
thirty years, whichever is less. Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (West Supp.
1995). Appellant contends the prosecutor misstated the law when he said, in reference to this
instruction, "You know by reading this, the worst thing that will ever happen to him is that he'll
serve 30 years." The district court overruled appellant's objection but instructed the jury that
"what the lawyers say . . . is not the law."

 Considered in the context in which it was made, the prosecutor's statement was
unlikely to mislead the jury with regard to parole eligibility. Immediately after the court
responded to appellant's objection, the prosecutor resumed his argument, saying, "The point is,
ladies and gentlemen, he'll be eligible for parole if you give him any sentence of 60 years or more
in 30 calendar years." In his own argument, defense counsel stressed the length of time appellant
would be required to serve before becoming eligible for parole and made the point that parole
eligibility does not mean release from prison. We are satisfied beyond a reasonable doubt that
the jury's punishment decision was not influenced by any confusion regarding parole eligibility,
but was dictated by the facts of the offense and by appellant's previous convictions for aggravated
sexual assault and burglary of a habitation with attempted aggravated assault. Point of error ten
is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: August 30, 1995

Do Not Publish