in the matter of JJ















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-280-CV

IN THE MATTER OF J.J.

 

From the 317th District Court
Jefferson County, Texas
Trial Court # 9059-J
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      J.J. appeals from a judgment finding that he had been found by a jury to have engaged in the
delinquent conduct of aggravated sexual assault and committing him to the Texas Youth Council
for ten years to be served with the Texas Youth Commission until he is seventeen years of age and
transferred to the Texas Department of Criminal Justice, Institutional Division. He contends that:
(1) the trial court erred in admitting expert testimony concerning the physical examination of the
alleged victim without a proper predicate; (2) the trial court erred in allowing the State’s “expert
witness” to prejudicially bolster its own witness; and (3) he was denied the effective assistance of
counsel. We affirm.
      J.J. urges in issue one that the trial court erred in admitting expert testimony concerning the
physical examination of the alleged victim without a proper predicate. He specifically complains
of the State’s failure to qualify Brenda Garrison, a sexual assault nurse examiner of Child Abuse
and Forensic services, as an expert witness or to tender her to the court as an expert witness
qualified to give opinion testimony. He also complains of the trial court’s failure to make a
finding as to whether she was qualified as an expert witness. J.J.’s trial counsel did not make any
objection that the State had not qualified Garrison as an expert witness, that the State had not
tendered her to the court as an expert witness qualified to give opinion testimony, or that the trial
court failed to make a finding that she was qualified as an expert witness. Consequently, nothing
is presented for review. Tex. R. App. P. 33.1(a)(1). We overrule issue one.
      J.J. urges in issue two that the trial court erred by allowing Garrison to prejudicially bolster
the State’s own witness. The record reflects that his counsel did not object at trial to any of the
evidence of which J.J. complains on appeal. Therefore, nothing is presented for review. Tex.
R. App. P. 33.1(a)(1). We overrule issue two.
      J.J. urges in issue three that his counsel was ineffective for failing to make the objections we
have noted that he did not make. We apply a two-pronged test to ineffective assistance of counsel
claims. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must show that his
counsel’s performance was deficient; second, appellant must show the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.
      In evaluating the effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case. Thompson, 9 S.W.3d at 813. The
issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error. Strickland, 466 U.S. at 688-89, 104 S. Ct.
at 2065. “[C]ounsel is strongly presumed to have rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional judgment.” Id. at 690, 104 S. Ct.
at 2066. An allegation of ineffective assistance must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at 814. 
Our scrutiny of counsel’s performance must be highly deferential, and every effort must be made
to eliminate the distorting effects of hindsight. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.
      The second prong of Strickland requires a showing that counsel’s errors were so serious that
they deprived the defendant of a fair trial, i.e., a trial whose result is reliable. Id. at 687, 104 S.
Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been different. Id. at
694; 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id. The ultimate focus of our inquiry must be on the fundamental
fairness of the proceeding whose result is being challenged. Id. at 697, 104 S. Ct. at 2070.
      J.J.’s first complaint of his counsel’s ineffectiveness is that he failed to object to the testimony
of Garrison on the basis that the State failed to tender her as a qualified expert or request that the
court accept her as an expert; that his counsel failed to take Garrison on voir dire in an effort to
show restrictions or limitations as to her expertise; and that his counsel failed to object to the trial
court’s failure to make a finding that Garrison was a qualified expert.
      Garrison testified at some length concerning her education and certification as a sexual assault
nurse examiner. She indicated that she is required to take examinations and continuing education
in order to be recertified every two years. She represented that she had testified many times as
an expert in sexual assault cases. She related that the purpose of a sexual assault nurse examiner
is to conduct a head-to-toe physical examination of a complainant, including a genital examination,
in order to assess evidence of trauma. J.J. does not assert any way in which Garrison was not
qualified as an expert to give any opinion she gave during the trial. The State, in calling Garrison
as a witness, did not specifically say that it was presenting her as an expert witness, and the trial
court did not make a specific finding on the record that she was qualified as an expert witness.
      J.J. presents no authority indicating that the State must specifically state that it is offering a
qualified expert as an expert witness or for the trial court to specifically state that a qualified
expert witness is qualified as an expert prior to hearing testimony from that witness, nor are we
aware of any. J.J. relies upon numerous authorities in connection with his discussion of this issue,
but none indicates that such statements are required or that an attorney is ineffective for failing to
make objection to such statements not being made. Even if it were substandard conduct for J.J.’s
counsel not to object to any failure of the State or the court as complained of by J.J., he has not
shown such conduct was so serious that it deprived him of a fair trial or that, but for such conduct,
the result of the proceeding would have been different. Tex. R. App. P. 44.2(b).
      J.J. also insists that he received ineffective assistance of counsel because his counsel allowed
the State to use Garrison to prejudicially bolster its own witness. Garrison testified that injury to
the victim’s rectal area was consistent with the victim telling her that an individual had penetrated
her anus with his penis. Subsequently, she testified that trauma shown in the victim’s vaginal area
was consistent with what the victim had told her. Relevant evidence does not constitute improper
bolstering simply because it corroborates testimony of an earlier witness. Cohn v. State, 849
S.W.2d 817, 820 (Tex. Crim. App. 1993). J.J.’s only argument that Garrison’s testimony
constitutes improper bolstering of the State’s witness consists of the citation of three cases, Yount
v. State, 872 S.W.2d 706 (Tex. Crim. App. 1993); Kirkpatrick v. State, 747 S.W.2d 833 (Tex.
App.—Dallas 1987, pet. ref’d); and Celeste v. State, 805 S.W.2d 579 (Tex. App.—Tyler 1991,
no pet.). All of these cases are distinguishable because each involves an expert expressing an
opinion about the credibility of a complainant or a class of complainants, whereas in the case at
bar Garrison did not express an opinion about the credibility of the complainant. Yount, 872
S.W.2d at 712; Kirkpatrick, 747 S.W.2d at 836; Celeste, 805 S.W.2d at 581-82. J.J. presented
no authority indicating that testimony such as Garrison’s constitutes improper bolstering, and we
are not aware of any. Inasmuch as Garrison’s testimony was admissible, J.J.’s counsel was not
ineffective for failing to object to it. We overrule issue three.
      The judgment is affirmed.

                                                                   JOHN G. HILL
                                                                   Senior Justice

Before Chief Justice Davis,
      Justice Gray, and
      Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed June 18, 2003
[CV06]