**Elmo Jack RAY, Appellant,**

v.

**STATE of Texas, Appellee.**

Nos. 01–93–00351–CR, 01–93–00352–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 17, 1994.

Hal R. Ridley, Huntsville, for appellant.

David Weeks, Robert Hatcher, Huntsville, for appellee.

Before HEDGES, COHEN and O'CONNOR, JJ.

## OPINION

HEDGES, Justice.

Elmo Jack Ray pled guilty to two indictments charging him with involuntary manslaughter caused by driving while intoxicated, but he did not admit the use of a deadly weapon. The trial judge found that appellant's driving his car constituted use of a deadly weapon and sentenced him to seven and one-half years-confinement on each count, to be served concurrently. In one point of error, appellant attacks the trial court's finding that appellant's operation of his car constituted use of a deadly weapon. We affirm.

### Facts

On November 15, 1991, appellant was driving westbound on Highway 190 in Walker County, Texas between 7:00 and 8:00 p.m. He was legally intoxicated with a blood/alcohol level of .16 grams of alcohol per 100 milliliters of blood, which is 160% of the legal threshold of intoxication. Jimmy Ray Gill, an eyewitness, observed appellant driving erratically. Although appellant was not driving over the speed limit, his speed fluctuated periodically. He actually crossed the center lane marker into the eastbound lane and drifted onto the westbound shoulder on occasion. When Gill attempted to pass him, appellant pulled out in front. Gill then dropped behind and followed appellant.

Suddenly, Gill saw appellant's car sideswipe a pickup truck that had been travelling eastbound. The truck crossed the westbound lane, ran off the roadway, and crashed into a tree. The impact created sparks, and dust settled over the roadway. Gill was able to drive onto the shoulder of the roadway, and he and his son got out of their vehicle. Approaching appellant's car, Gill discovered that a third vehicle had been involved in the collision. This third car, a Chevrolet Beret-

ta, contained two women, one of whom had no pulse at all and the other but a faint one. Both women died from injuries sustained in the collision.

Officer Paul Webb of the highway patrol arrived at the accident scene in response to the Walker County Sheriff's radio dispatch. He testified that the roadway was dry. The collision between appellant's automobile and the complainants' car took place within the eastbound lane in which the complainants had been travelling. The collision was nearly head-on. In the officer's opinion, the impact with the pickup truck did not cause appellant's car to substantially change direction.

The driver of the pickup truck, Jerry Arthur Pitrucha, testified that he was in his proper lane travelling eastbound when appellant sideswiped his truck. Pitrucha had observed another eastbound vehicle braking ahead of him. Suddenly he saw a bright light and felt the instantaneous collision with appellant's car. The initial point of impact was at his left front tire. Pitrucha overcompensated in his reaction, crossed the oncoming lane of traffic, and hit a pine tree on the westbound side of the road.

In a single point of error, appellant argues that the evidence was insufficient to support a finding that his operation of his vehicle constituted use of a deadly weapon. We disagree.

### Standard of Review

■ Challenges to the sufficiency of the evidence to support a conviction require that we review the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense case beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984); *Griffin v. State,* 614 S.W.2d 155 (Tex.Crim.App. 1981). The standard of review is the same for both direct and circumstantial evidence. *Geesa v. State,* 820 S.W.2d 154, 163 (Tex. Crim.App.1991).

Appellant incorrectly invites us to review this case under the "reasonable hypothesis analytical construct" method, an analysis that has been expressly rejected by our Court of Criminal Appeals. *Id.* at 160–61. The court adopted an instruction on "reasonable doubt" as the requisite method to apply the standard of review in sufficiency of the evidence challenges. *Id.* at 162.[1]

### Discussion

■ The Texas Penal Code defines a "deadly weapon" as: (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX.PENAL CODE ANN. § 1.07(a)(11)(B) (Vernon 1974). An automobile is not a deadly weapon per se under subsection (A) quoted above. *Morgan v. State,* 775 S.W.2d 403, 406 (Tex.App.—Houston [14th Dist.] 1989, no pet.). We therefore must look to subsection (B) to determine whether appellant's use of his automobile rendered it capable of causing death or serious bodily injury.

We find that the State proved beyond a reasonable doubt that appellant's car, in the *manner of its use* or intended use, was a deadly weapon in that it was clearly capable of causing death or serious bodily injury.

An automobile may be found to be a deadly weapon if it is used in such a manner that it is clearly capable of causing death or serious bodily injury. *Ex parte McKithan,* 838 S.W.2d 560, 561 (Tex.Crim.App.1992). In *Roberts v. State,* 766 S.W.2d 578 (Tex.App.— Austin 1989, no pet.), an intoxicated defendant fled a police officer, drove his truck into an intersection at 80 to 100 miles per hour, and struck a vehicle that was stopped at a red light. The collision injured two occupants of the vehicle and killed a third. The court held that "[a]ppellant's reckless operation of his truck, and the death and serious bodily injuries that resulted, support the district court's finding that the truck was used

---

1. Appellant incorrectly refers to the "reasonable hypothesis construct" method as a "standard of review." This analysis is rather a method by which the appellate courts applied the proper standard of review. *See Carlsen v. State,* 654 S.W.2d 444, 450 (Tex.Crim.App.1983), *overruled on other grounds, Geesa,* 820 S.W.2d at 161.

as a deadly weapon." *Id.* at 580. *Accord Morgan,* 775 S.W.2d at 406.

We find that in the case before us, the evidence supports the court's finding appellant used his automobile in such a manner as to render it a deadly weapon. The record shows that appellant was legally intoxicated at the time of the collision. Immediately before the accident, he was seen driving erratically, crossing the center lane marker into the oncoming lane of traffic and drifting onto the shoulder of his own lane. Another motorist testified that he was concerned for his own safety. Appellant collided with a truck before striking the complainants' car. There was evidence that the truck was in its proper lane. There was direct evidence that the fatal crash occurred entirely within the complainants' eastbound lane of traffic, when appellant had been travelling in the westbound lane. The investigating highway patrolman opined that the impact with the truck did not avert the direction of appellant's car. Based on this evidence, the trier of facts could have rationally found beyond a reasonable doubt that appellant used his car in such a manner so as to render it a deadly weapon.

Appellant cites *English v. State,* 828 S.W.2d 33, 39 (Tex.App.—Tyler 1991, pet. ref'd), to persuade us to the contrary. In that case, the court held that intoxication while driving did not justify a finding that the automobile was used as a deadly weapon. That holding is inapposite to this case for two reasons: First, the court applied the "reasonable hypothesis construct" method in its application of the standard of review and could not exclude an exonerating hypothesis to a moral certainty. We are not bound by the strictures of that analytical method. Second, the evidence of intoxication was the *only* evidence of aberrational conduct: the State could not prove anything other than that the collision occurred in an intersection controlled by signal lights. There was no evidence that the defendant ran a red light, was speeding, or was otherwise operating his vehicle in a reckless or negligent manner. *Id.* at 38. In the case before us, appellant not only was intoxicated, he was operating his

automobile in an undisputedly reckless or negligent manner.

We overrule point of error one.

We affirm the judgment of the trial court.