Affirmed and Opinion filed April 12, 2005









Affirmed and Opinion filed April 12, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01214-CR

 

____________

 

 

JONATHAN BRADFORD
WILLIAMS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 952,421

 



 

O P I N I O N








Appellant, Jonathan Bradford Williams, was
charged by indictment with criminally negligent homicide, a state jail
felony.  See Tex. Pen. Code Ann. ' 19.05 (Vernon
2003).  Appellant entered a plea of Aguilty@ without an agreed
recommendation on punishment.  The court
made an affirmative finding that appellant used a deadly weapon, namely, his
vehicle, to commit the offense.  After finding
two felony enhancement paragraphs true, the court sentenced appellant to
twenty-five (25) years= confinement in the Texas Department of
Criminal Justice, Institutional Division. 
In eight points of error, appellant contends his counsel was
ineffective, his plea was involuntary, the trial court lacked jurisdiction, his
due process rights and right to speedy trial were violated, his sentence
exceeds the legal punishment range, and there was no affirmative finding that
he used a deadly weapon in the commission of the alleged offense.

On September 30, 2002,  at approximately 7:20 p.m., appellant was
driving a rented Ryder truck southbound on South Post Oak Road.  As he drove through the intersection at the
South Sam Houston Parkway frontage road, he struck the complainant=s vehicle
broadside.  Ms. Helen Otis, who was
traveling westbound at the time of the collision, was killed.[1]

Initially, appellant was charged with the offenses of
criminally negligent homicide in trial court cause number 925,970, escape in
cause number 925,971, and failure to stop and render aid in cause number
934,869.  On June 26, 2003, the trial
court dismissed cause number 925,970, the criminally negligent homicide charge,
and re-filed the case under cause number 952,421Cthe only cause now pending before
this court.[2]  Appellant subsequently pled guilty to the
charge, and the court convicted and sentenced him accordingly.

Ineffective Assistance

In his first two points of error,
appellant contends he was provided ineffective assistance of counsel and argues
that, as a result, his guilty plea was entered involuntarily.  Specifically, appellant complains that his appointed
counsel failed to perform the necessary investigation of the offense and
refused to file motions that he had requested she file.  Appellant also alleges that he wanted to
proceed to trial and that only after realizing how inept his appointed counsel
was did he agree to plead guilty.








 

A counsel=s ineffectiveness may render a plea of guilty involuntary.  See Hayes v. State, 790 S.W.2d 824, 828
(Tex. App.CAustin 1983, no pet.).  Claims of ineffective assistance of counsel
are evaluated under the two‑step analysis articulated in Strickland v.
Washington, 466 U.S. 668 (1984). 
First, appellant must demonstrate counsel=s performance was deficient and not
reasonably effective.  Id. at 688B92. 
To satisfy this step, appellant must identify the acts or omissions of
counsel alleged as ineffective assistance and affirmatively prove they fell
below the professional norm of reasonableness. 
See id.; McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996).

Second, appellant must demonstrate the deficient performance
prejudiced the defense.  Strickland,
466 U.S. at 693.  To establish prejudice,
an appellant must prove that but for counsel=s deficient performance, the result
of the proceeding would have been different. 
See id. at 694; Lemke v. State, 13 S.W.3d 791, 796
(Tex. Crim. App. 2000).  In this case,
that means appellant must prove that, but for counsel=s errors, he would not have pled
guilty.  See Ex parte Morrow,
952 S.W.2d 530, 536 (Tex. Crim. App. 1997); Tabora v. State, 14 S.W.3d
332, 336 (Tex. App.CHouston [14th Dist.] 2000, no pet.).








Judicial scrutiny of counsel=s performance must be highly
deferential, and we are to indulge the strong presumption that counsel was
effective.  See Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App. 2002); Mallett v. State, 65
S.W.3d 59, 63 (Tex. Crim. App. 2001). 
Appellant has the burden of rebutting this presumption by presenting
evidence illustrating why trial counsel did what she did.  See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc).  Therefore, any allegation of ineffectiveness
must be firmly founded in the record and the record must affirmatively
demonstrate the alleged ineffectiveness. 
Thompson v. State, 9 S.W.3d 808, 813B14 (Tex. Crim.
App. 1999).  A[R]arely will the trial court record
contain sufficient information to permit a reviewing court to fairly evaluate
the merits of such a serious allegation: >[i]n the majority of cases, the
record on direct appeal is simply underdeveloped and cannot adequately reflect
the failings of trial counsel.=@ 
Bone, 77 S.W.3d at 833 (quoting Thompson, 9 S.W.3d at 813B14)). 
When the
record contains no evidence of the reasoning behind trial counsel=s actions, we cannot conclude counsel=s performance was deficient.  Thompson, 9 S.W.3d at 813; see also
Jackson, 877 S.W.2d at 771.

Here, appellant does not direct us to any evidence in the
record which indicates the rationale, strategy, or defensive scheme considered
and pursued by counsel.  Counsel=s effectiveness is not to be judged
solely by the results of his or her representation, but rather is to be
assessed against the backdrop of counsel=s tactical motivations for his or her
actions.  While appellant makes numerous
assertions in his brief that his counsel=s performance was deficient, such
unfounded assertions alone cannot provide sufficient evidence to sustain an
ineffective assistance claim.  See
Thompson, 9 S.W.3d at 813B14 (holding that when the record provides no explanation as
to the motivations behind trial counsel=s actions, an appellate court should
be hesitant to declare ineffective assistance of counsel).  Moreover, appellant did not file a motion for
new trial and therefore, the record is silent as to the reasoning behind counsel=s actions.  See Safari v. State, 961 S.W.2d 437,
445 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d, untimely filed) (explaining that
in the absence of a motion for new trial, it would be speculative to find
ineffective assistance of counsel).  An
appellate court is not required to speculate on the reasons behind trial
counsel=s actions when confronted with a
silent record.  Jackson, 877 S.W.2d
at 771; see also Thompson, 9 S.W.3d at 814;  Safari, 961 S.W.2d at 445.  Because appellant fails to provide any
evidence in the record to affirmatively demonstrate the ineffectiveness
of his trial counsel, he has not satisfied his burden to rebut the presumption
that he received reasonably effective assistance.








Furthermore, the record does not support appellant=s contention that his plea was
involuntary.  In his brief, appellant
argues that his counsel=s ineffectiveness led him to believe he could not receive a
fair trial and that this belief was his motivation for pleading guilty.  As we already have determined, the record
before us is insufficient to find appellant=s counsel was ineffective.  More importantly, the record reflects that
appellant received written admonishments from the trial court prior to pleading
guilty.[3]  These admonishments, which were signed by
appellant, plainly state that appellant=s plea was voluntary and that he
received effective assistance of counsel. 
Therefore, even if the record rebutted the presumption of sound trial
strategy, appellant has not provided sufficient evidence in the record to
indicate he disagreed with pleading guilty and preferred to proceed with
trial.  See Powers v. State, 727
S.W.2d 313, 315B16 (Tex. App.CHouston [1st Dist.] 1987, pet. ref=d) (holding a defendant=s claim that his plea was involuntary
due to ineffective assistance was not supported by the record); see also
Dusenberry v. State, 915 S.W.2d 947, 949B52 (Tex. App.CHouston [1st Dist.] 1996, pet. ref=d) (explaining when a defendant
attests to the voluntariness of a plea, he has a heavy burden to later show
lack of voluntariness).  Therefore,
appellant has not demonstrated that trial counsel=s performance prejudiced his defense;
thus he also has failed to meet the second prong of the Strickland
test.  Accordingly, we overrule appellant=s first two points of error.

Trial Court Jurisdiction

In his third point of error, appellant
contends the trial court lacked jurisdiction because the charging instrument
failed to properly allege an offense. 
However, he proceeds in his brief to argue that the facts of the case,
as described in the offense report, are contrary to the allegations.  Thus, he appears to aver that he was not
fully apprised of the actual charges against him.








Generally, an indictment must contain
every element that must be proven at trial. Dinkins v. State, 894 S.W.2d
330, 338 (Tex. Crim. App. 1995). However, an indictment is sufficient to vest
the trial court with jurisdiction if it accuses someone of a crime with
sufficient clarity and specificity to identify the penal statute under which
the State intends to prosecute, even if the indictment is otherwise
defective.  See Duron v. State,
956 S.W.2d 547, 550B51 (Tex. Crim. App. 1997); see also Tex. Code Crim. Proc. Ann. art. 15.05
(Vernon 1977) (outlining the minimum substantive requirements for a complaint
to be valid).

Section 19.05 of the Texas Penal Code
outlines the elements of criminally negligent homicide.  The section states A[a] person commits
an offense if he causes the death of an individual by criminal negligence.@  The indictment in this case stated, in
pertinent part, that appellant, Adid then and there
unlawfully, cause the death of Helen Otis . . . by criminal negligence,
namely by operating a motor vehicle and failing to stop at a designated
stopping point and failing to control speed and failing to maintain proper
lookout.@ (Emphasis
added).  The indictment continued A. . . at the time
the Defendant committed the felony offense of Criminally Negligent Homicide . .
. he used and exhibited a deadly weapon, namely a motor vehicle during
commission of and during the immediate flight therefrom.@  It is apparent from this language that the
indictment sufficiently alleged the elements of an offense under section 19.05
of the penal code.  Furthermore, the
indictment stated that appellant was charged with criminally negligent
homicide.  As such, it provided
sufficient clarity and specificity to identify the penal statute under which
the State intended to prosecute appellant and 
properly conferred jurisdiction on the trial court.  See Duron, 956 S.W.2d at 550B51.  We overrule appellant=s third point of
error.

Plea Admonishments








In his fourth point of error, appellant contends that his
plea was involuntary because the trial court failed to properly admonish him as
required by Article 26.13 of the Texas Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2004B2005).  Specifically, he argues that he understood his
offense to be a state jail felony with a punishment range of 180 days= to two years= confinement and claims that he would
not have pled guilty had the court properly warned him that the sentence would
be twenty-five years= confinement.

Article 26.13(a) of the Texas Code of Criminal Procedure
mandates that before accepting a guilty plea, the trial court must admonish a
defendant of, among other things,  the
possible punishment range of his sentence. 
Tex. Code Crim. Proc. Ann. art. 26.13 (a)(1)
(Vernon Supp. 2004B2005); Ruffin v. State, 3 S.W.3d 140, 144B145 (Tex. App.CHouston [14 Dist.] 1999, pet. ref=d).  The admonishments may be made either orally or
in writing.  See Tex. Code Crim. Proc. Ann. art. 26.13(d); Ruffin, 3
S.W.3d at 145.  If the admonishments are made in writing, the
defendant and his lawyer must file a statement that the defendant understood
the admonitions and was aware of the consequences of the guilty plea.  See Tex. Code Crim.
Proc. Ann. art. 26.13(d); Ruffin,
3 S.W.3d at 145 (AThe purpose and function of article 26.13 is to ensure only a
constitutionally valid plea is entered by the defendant and accepted by the
trial court.@).








If a trial court substantially complies with article 26.13,
there exists a prima facie case that the plea was valid.  See Tex. Code
Crim. Proc. Ann. art. 26.13(c); Ruffin, 3 S.W.3d at 145. To substantially comply with
article 26.13, the trial court need not advise the defendant of every aspect of
law relevant to his case or sentencing, only the direct consequences of
entering a guilty plea.  See State v.
Vasquez, 889 S.W.2d 588, 590 (Tex. App.CHouston [14th Dist.] 1994, no
pet.).  In this context, direct consequences
of a plea are generally held to be those listed in article 26.13.  See id. at 590 (explaining that a
guilty plea is voluntary if the defendant is advised of all direct consequences
of the plea and that ignorance of a collateral consequence does not render the
plea involuntary).  Once a prima facie
case is established, the burden then shifts to the defendant to affirmatively
show that he was not aware of the consequences of his plea, and that he was
misled or harmed by the admonishments, or lack thereof.  See 
Tex. Code Crim. Proc. Ann.
art. 26.13(c); Fuentes v. State, 688 S.W.2d 542, 544 (Tex. Crim. App.
1985).             

Here, the trial court provided appellant with a three-page
document entitled AWritten Plea Admonishments.@ 
The first page of this document had all sentencing ranges clearly marked
out other than a paragraph entitled Ahabitual offender range.@ 
This paragraph was circled, indicating that the only range of punishment
to which appellant would be subject was under the habitual offender
statute.  See Tex. Penal Code ' 12.42(d) (Vernon
Supp. 2004B2005) (explaining that, upon conviction of
a felony other than a state jail felony, a defendant who has two prior felony
convictions shall be punished by imprisonment of between twenty-five (25) to
ninety-nine (99) years, or life).  The paragraph further explicitly
stated that appellant was subject to a sentence range of Aa term of life or any term not more
than 99 years or less than 25 years confinement in the Institutional Division
of the Texas Department of Criminal Justice.@ 
Appellant placed his initials beside this paragraph, thereby attesting
that he Afully understood@ the punishment range.  The third and final page of this document
contained a paragraph stating that appellant fully understood the
admonishments, was aware of the consequences of a guilty plea, and freely and
voluntarily pled guilty.  Both appellant
and appellant=s counsel signed this document.  As such, the requirements of article 26.13
were met and a prima facie case was established showing that his plea was
valid.

While appellant contends he did not receive proper admonishments
about the potential sentence range, 
nothing in the record supports this contention.  No testimony or oral statements were recorded
and no record was made while appellant was signing the admonishments and
entering his plea.  In the absence of
evidence to the contrary, appellant has failed to meet his burden to prove that
the admonishments in this case were insufficient or that his plea was
invalid.  Accordingly, we must overrule
appellant=s fourth point of error.








Due
Process

In appellant=s fifth point of error, he complains
of various due process violations. 
Appellant first argues that the trial court improperly refused to rule
on a writ of habeas corpus for illegal detainment and two writs of habeas
corpus seeking a reduction in excessive bail. 
We begin by observing that during many of the pretrial proceedings,
appellant was represented by counsel. 
During these periods of representation, appellant was not authorized to
file or obtain any ruling upon his pro se motions, writs, etc.  Meyer v. State, 27 S.W.3d 644, 648
(Tex. App.CWaco 2000, pet. ref=d); 
Stelbacky v. State, 22 S.W.3d 583, 586 (Tex. App.CAmarillo 2000, no pet.).  Moreover, even if appellant did not have the
services of an attorney during some portion of time the aforementioned writs
were pending, the remedy for a court=s failure to consider a writ of
habeas corpus is simply to file the writ with another court.  See In re Piper, 105 S.W.3d 107, 110
(Tex. App.CWaco 2003, orig. proceeding).  Thus, the well‑established rule of law
is that when an application for habeas corpus alleging unlawful restraint is
presented to a judge who refuses to issue a writ commanding the person having
the applicant in custody to produce him for a determination of the allegations
in the application, no appeal lies.  Ex
parte Okere, 56 S.W.3d 846, 849 
(Tex. App.CFort Worth  2001, pet.
ref=d).








Appellant next contends he was not properly taken before a
magistrate after being arrested as required by articles 14.06, 15.16, and 15.17
of the code of criminal procedure.  The
purpose of these statutes is to advise the accused of his legal rights so that
he does not incriminate himself involuntarily or under duress.  State v. Vogel, 852 S.W.2d 567, 569B70 (Tex. App.CDallas 1992, pet. ref=d). 
However, absent some causal connection between the officer=s failure to take the suspect before
a magistrate and the recovery of some incriminating evidence against him, e.g.,
a confession, the failure to take the accused before a magistrate immediately after
his arrest does not constitute reversible error.  Rocha v. State, 16 S.W.3d 1, 29 (Tex.
Crim. App. 2000); Zarychta v. State, 44 S.W.3d 155, 169 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). 
Here, appellant has not demonstrated any causal connection between the
officers= failure to take him before a
magistrate and the acquisition of any evidence against him.

Finally, appellant claims his rights were violated when the
State refused to allow discovery of the State=s evidence against him.  A criminal defendant, however, has no
constitutional right of discovery apart from any exculpatory evidence in the
State=s possession.  In re State, 116 S.W.3d 376, 381 (Tex.
App.CEl Paso 2003, no pet.).  In other words, there is no general
constitutional right to discovery in a criminal case.  Id. at 382.

Accordingly, appellant=s fifth point of error is overruled.

Right to Speedy Trial

Appellant avers, in his sixth point of
error, that his right to speedy trial was violated under both the federal and
state constitutions and Article 1.05 of the Texas Code of Criminal Procedure.

Speedy trial analysis requires us to
examine four factors:  (1) length of
delay;  (2) reason for delay;  (3) assertion of the right;  and (4) prejudice to the accused.  Barker v. Wingo, 407 U.S. 514, 530
(1972).  Appellant was arrested on
September 30, 2002.  He was indicted by a
grand jury on June 18, 2003, and appellant entered a plea of guilty on August
25, 2003.  We find the eleven-month delay
between appellant=s arrest and his subsequent conviction to
be presumptively prejudicial.  However,
the reason for the delay was due in large measure to appellant=s desire to change
attorneys.   Appellant did not assert his
right to a speedy trial until July 16, 2003, two days prior to his indictment
and five weeks prior to his guilty plea. 
Finally, the record demonstrates no prejudice to the appellant resulting
from the delay.

After considering the four factors
outlined above, we find no reversible error stemming from the alleged denial of
a speedy trial.  Accordingly, appellant=s sixth point of
error is overruled.








Illegal Sentence

Appellant complains, in his seventh point
of error, that his sentence exceeds the punishment range permitted by the Texas
Penal Code.  He argues that because the
offense he committed is listed as a state jail felony, section 12.35 of the
Penal Code limits his sentence to no more than two years.

Section 12.35 of the Penal Code dictates
that the commission of a state jail felony requires a sentence of not more than
two years= or less than 180 days= confinement.  Tex.
Pen. Code Ann. ' 12.35(a) (Vernon 2003).  However, if the individual used or exhibited
a deadly weapon during the commission of the offense, he is to be punished for
a third degree felony.  See id. ' 12.35(c)(1).  Furthermore, section 12.42, otherwise known
as the habitual offender statute, provides that an individual shall be punished
by imprisonment for life, or for any term not more than ninety-nine (99) years
or less than twenty-five (25) years if he was previously convicted of two
separate felonies.  See id. ' 12.42(d) (Vernon
Supp. 2004B2005).

Here, the trial court made an affirmative
finding that appellant used a deadly weapon, namely his automobile, in causing
the death of the victim.  See
generally Ex parte McKithan, 838 S.W.2d 560, 560 (Tex. Crim. App. 1992)
(holding that a motor vehicle is clearly capable of causing death or serious
bodily injury and therefore can be a deadly weapon under the penal code);
Ray v. State, 880 S.W.2d 795, 796B97 (Tex. App.CHouston [1st
Dist.] 1994, no pet.) (explaining that while not per se a deadly weapon,
an automobile can be a Adeadly weapon@ under the penal
code if the driver uses it in such a manner as to render it capable of causing
death or serious bodily injury).  This
finding supported the increase in appellant=s punishment range
from that of a state jail felony to that of a third degree felony.  Furthermore, the court found the two
enhancements paragraphs in the indictment to be true.  Therefore, under section 12.42(d) of the
penal code, the court did not err in sentencing appellant to twenty-five years= confinement.  We overrule appellant=s seventh point of
error.








Affirmative
Finding of a Deadly Weapon

In his final point
of error, appellant argues that there was no finding of fact that he used a
deadly weapon during commission of the offense. 
However, the indictment contained an allegation that appellant used a
deadly weapon in the commission of the offense. 
Appellant executed a written judicial confession in which he stipulated
that the allegations contained in the indictment were true.  Further, the trial court entered an
affirmative finding of a deadly weapon in its judgment.  See Keller v. State, 125 S.W.3d 600,
605 (Tex. App.CHouston [1st Dist.] 2003), pet.
dismissed as improvidently granted, 146 S.W.3d 677 (Tex. Crim. App. 2004)
(holding appellant=s judicial confession was sufficient
evidence to show he used a deadly weapon, and the record need not otherwise
provide proof).  Appellant cites no
authority suggesting the trial court was without authority to enter such a
finding based upon appellant=s plea and
judicial confession, and we have found none. 
Appellant=s final point of error is utterly without
merit.

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed April 12, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.  (Anderson, J., concurs in the result only.)

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]   There is some
indication in the record that appellant had traces of PCP in his blood at the
time of the collision.





[2]  The
indictments in cause numbers 925,971 and 934,869 were also dismissed and were
not re-filed.





[3]  Specifically,
appellant acknowledged his receipt and understanding of the admonishments
stating, in pertinent part:

Joined by
my counsel, I state that I fully understand the foregoing admonishments and
I am aware of the consequences of my plea. 
I am mentally competent to stand trial and my plea is freely and
voluntarily made.  I waive and give up
any time provided to me by law to prepare for trial.  I am satisfied with the representation
provided by my counsel and received effective and competent representation.

(Emphasis added).