NO. 07-11-0240-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 4, 2013

_____

SILVERIO HERNANDEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2674; HONORABLE GORDON H. GREEN, JUDGE

_____

Before QUINN, C.J., and HANCOCK AND PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Silverio Hernandez, Jr., was convicted by a jury of aggravated assault with an affirmative finding on use of a deadly weapon, to-wit: a motor vehicle.[1] Punishment was assessed at ten years confinement and a fine of $5,000. Presenting a sole issue, Appellant challenges the legal sufficiency of the evidence to support his conviction. We affirm.

_____

[1]TEX. PENAL CODE ANN. §§ 22.01(a), 22.02(a)(2), (b)(2)(B) (WEST 2011).

## BACKGROUND FACTS

On November 11, 2010, while responding to a call of a suspicious vehicle, Lieutenant Benny Parker and Detective Cassie Crandell of the Muleshoe Police Department observed an individual leaving a residence carrying an "armload of stuff." Upon noticing the marked patrol unit, that individual, ultimately identified as Appellant's brother, dropped the items and jumped into an SUV being driven by Appellant. Appellant pulled away from the residence and, according to the Lieutenant, headed in the direction of his patrol unit. According to Lieutenant Parker, his unit was parked in the middle of the street, with its lights activated, and facing the SUV. A camper and gray pickup were parked along the street on the passenger's side of the patrol unit. When Appellant attempted to drive his vehicle between the parked vehicles and the patrol unit, it collided with the gray pickup and camper before being bounced into the patrol unit. Despite losing a front tire in the collision, Appellant continued driving for approximately one-half mile. Lieutenant Parker gave chase in his patrol unit and found the SUV abandoned in a vacant field. Appellant and the other occupants of the SUV fled on foot. Lieutenant Parker then gave chase on foot and apprehended Appellant.

Lieutenant Parker testified that as a result of the collision, he sustained injuries to his arm and knee. His knee injury required surgery.

## SUFFICIENCY STANDARD OF REVIEW

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required

to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Under that standard, in assessing the sufficiency of the evidence to support a criminal conviction, this Court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319; *Brooks,* 323 S.W.3d at 912.

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

## ANALYSIS

To sustain a conviction for aggravated assault, the State was required to prove that Appellant intentionally, knowingly or recklessly threatened Lieutenant Parker, a public servant, with imminent bodily injury and used or exhibited a deadly weapon (an SUV) during the commission of the assault while Lieutenant Parker was lawfully discharging his official duty in attempting to detain him. *See* TEX. PENAL CODE ANN. §§ 22.01(a), 22.02(a)(2), (b)(2)(B) (WEST 2011). *See also Hooper v. State*, 214 S.W.3d 9,

3

13 (Tex.Crim.App. 2007). A vehicle is not a deadly weapon per se; however, it can become a deadly weapon if it is used in a manner capable of causing death or serious bodily injury. TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (WEST SUPP. 2012); *Ray v. State*, 880 S.W.2d 795, 796 (Tex.App.—Houston [1st Dist.] 1994, no pet.).

By his sole contention in challenging the legal sufficiency of the evidence, Appellant asserts he did not intend to strike or aim for Lieutenant Parker's unit. The evidence, he argues, showed that he intended to avoid contact with the unit when he struck the other vehicles and then struck the patrol unit. Thus, he maintains he did not intend to use the SUV as a deadly weapon to cause bodily injury to Lieutenant Parker.

The State responds that it was not required to prove that Appellant intended to use the SUV as a deadly weapon. Rather, it only needed to show that Appellant used or exhibited a deadly weapon when he assaulted Lieutenant Parker, a public servant who was lawfully discharging his official duty. Acknowledging that a vehicle is not a deadly weapon per se, the State contends it needed to show that Appellant's SUV, by its use or intended use was capable of causing death or serious bodily injury. *See* §1.07(a)(17)(B). "Serious bodily injury" is bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily, member or organ. *Id.* at (a)(46). The placement of the word "capable" in the statute enables it to cover conduct that threatens deadly force or serious bodily injury even if the actor had no intention of actually using deadly force or causing serious bodily injury. *See McCain v. State*, 22 S.W.3d 497, 503 (Tex.Crim.App. 2000). Whether a vehicle is used as a deadly weapon can be

4

determined by a two-prong evaluation: (1) the manner in which the defendant used the vehicle during the crime and (2) whether, during the commission of the crime, the vehicle was capable of causing death or serious bodily injury. *Sierra v. State*, 280 S.W.3d 250, 255 (Tex.Crim.App. 2009). We agree with the State.

Appellant does not dispute that Lieutenant Parker was a public servant in a marked unit lawfully discharging his duty at the time of the incident. He disputes, however, that he intentionally caused bodily injury to Lieutenant Parker by using his vehicle. He testified that he did not aim for Lieutenant Parker's patrol unit or intend to injure him.

Aggravated assault may be committed by a *mens rea* other than intentionally or knowingly; it may also be committed by reckless conduct. A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. TEX. PENAL CODE ANN. § 6.03(c) (WEST 2011). Appellant testified he believed there was enough space to drive between the gray pickup and camper parked along a residential street and the Lieutenant's unit. However, he also testified to his inexperience as a driver; he had never had any driver's education training and did not have a driver's license.

Lieutenant Parker testified that because of the impact his arms went through the steering wheel and he sustained abrasions that resulted in a scar. He further testified that he experienced pain from his knee injury. Medical testimony was presented that he

5

experienced "right knee loosening" which required wearing a brace until he had Anterior Cruciate Ligament (ACL) surgery on January 13, 2011.

In the court's charge, the jury was instructed that "serious bodily injury" is:

bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

In assessing the legal sufficiency of the evidence, the *Jackson* standard of review "gives full play to the jury's responsibility fairly to resolve conflicts in the evidence, to weigh the evidence, and to draw reasonable inferences from the evidence." *Threadgill v. State*, 146 S.W.3d 654, 663 (Tex.Crim.App. 2004). A deadly weapon finding is justified if a rational jury could have concluded that an appellant's vehicle posed an actual danger of death or serious bodily injury. *Sierra*, 280 S.W.3d at 256-57. An actual danger means one that is not merely hypothetical. *See Drichas v. State*, 175 S.W.3d 795, 797 (Tex.Crim.App. 2005). The capability of causing serious bodily injury is evaluated based on the circumstances that existed at the time of the offense. *Id.* at 799.

In his voluntary statement Appellant wrote, "I kept going, I knew I was going to hit the police car but I wanted to get away." Notwithstanding his inexperience as a driver, he attempted to flee the scene in an SUV by driving it through a space between Lieutenant Parker's unit and a camper and pickup parked along a residential street which proved to be too narrow. It is inconsequential that he did not intend to strike Lieutenant Parker's unit or cause him injury. His actions, at the very least, were reckless. As the trier of fact, the jury resolved any conflicts in whether Lieutenant

6

Parker suffered serious bodily injury against Appellant, which supported use of the SUV as a deadly weapon. We conclude the jury's deadly weapon finding was justified. Appellant's sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.