ACCEPTED
03-15-00241-CR
7025299
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/21/2015 6:27:50 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00241-CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/21/2015 6:27:50 PM
JEFFREY D. KYLE
Clerk

## IN THE COURT OF APPEALS

## FOR THE THIRD DISTRICT OF TEXAS

## AT AUSTIN

_____

**MICHAEL JOHN JAMES,**

**APPELLANT**

**V.**

**THE STATE OF TEXAS,**
**APPELLEE**

_____

_____

**APPELLANT'S BRIEF**

_____

_____

On Appeal from Cause Number D-I-DC 13-907320
In the 427TH District Court
Travis County, Texas
Honorable Jim Coronado, Presiding Judge

_____

_____

LEONARD MARTINEZ
Attorney at Law
State Bar No. 13142750

1

812 San Antonio Street,Suite 104
Austin, Texas 78701
(512) 472-0958
(512) 472-3054 Fax
lmartinezlawoffice2750@gmail.com

**ATTORNEY FOR APPELLANT**

**ORAL ARGUMENT NOT REQUESTED**

## IDENTITIES OF PARTIES AND COUNSEL

Pursuant to the provisions of Rule 38.1(a) Texas Rules of Appellate Procedure, a complete list of names of all parties and counsel are as follows:

**Parties:**                           Michael John James, Appellant

                                        The State of Texas, Appellee

**Attorneys for the Appellant**

Appellate Counsel          Leonard Martinez
                           Attorney at Law
                           812 San Antonio, Suite 104
                           Austin, TX 78701

Trial Counsel              J. Mark Westenhover
                           Attorney at Law
                           404 W. 13th Street
                           Austin, TX 78701

2

**Attorneys for the State**  Rosemary Lemberg
District Attorney


Trial Counsel  James Booher
Assistant District Attorney
Travis County District Attorney's Office
509 W. 11th Street
Austin, TX 78701

Kelly Gier
Assistant District Attorney
Travis County District Attorney's Office
509 W. 11th Street
Austin, TX 78701

**II. TABLE OF CONTENTS**

Page

**I.**    IDENTITIES OF PARTIES AND COUNSEL......................................... 2

**II**.    TABLE OF CONTENTS ............................ ..............................4

**III.**    INDEX OF AUTHORITIES....................................................5

**IV.**    STATEMENT OF THE CASE..................................................7

**V.**    ISSUE PRESENTED.................................................. 8

**VI.**    STATEMENT OF FACTS........................................ 8

**VII.**    SUMMARY OF ARGUMENT............................................. 13

**VIII.**    ARGUMENT...................................................................... 14

1.  ISSUE ONE:  Appellant was denied the effective assistance of counsel under the Sixth Amendment  and a fair trial under the Fourteenth Amendment when trial counsel failed to object to a police officer testifying as an expert witness on the issue of deadly weapon when the evidence of a deadly weapon was otherwise insufficient.

    i.    Introduction

    ii.    Standards for raising ineffective assistance of counsel on direct appeal

    iii.    Standards for effective ineffective assistance of counsel

    iv.    Counsel was ineffective for failing to object to the expert opinion of a police officer on the issue of a vehicle as a deadly weapon.

v.     Conclusion

**IX.**    PRAYER...................................................................................... 23

**X.**     CERTIFICATE OF SERVICE.................................................. 24

**XI.**    CERTIFICATE OF COMPLIANCE ....................................... 24

**III.    INDEX OF AUTHORITIES**

CASES                            PAGE

*Aldrich v. State*, 296 S.W 2d 225, 232
(Tex. App. Ft. Worth, 2009, pet. ref.) ........................................... 18

*Andrews v. State*, 159 S.W. 3d 98, 101 (Tex. Crim. App. 2005)......................18

*Brister v. State,* 449 S.W.3d 490 (Tex. Crim. App. 2014) ............................... 22

*Ex parte McFarland* 163 S.W.3d 743, 753-754
(Tex. Crim. App. 2005) ................................................................. 20

*Ex parte McKithan*, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992) ............... 22

*Fuller v. State*, 224 S.W.3d 823 (Tex. App. Texarkana 2007) .........................18

*Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979)...................................................................................... 22

*McCain v. State,* 22 S.W.3d 497, 503 (Tex. Crim. App. 2000) .........................22

*McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) ..................20

*Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) ....................20,21

*Owens v. State*, 916 S.W. 2d 713, 717-719 (Tex. App. Waco 1996) .................19

*Ramirez v. State*, 987 S.W. 2d 938, 943-947 (Tex. App. -Austin 2001) ............21

*Ray v. State*, 880 S.W.2d 795, 796
 (Tex. App. Houston [1ˢᵗ Dist.] 1994, no. pet.)......................................................22

*Roberts v. State*, 766 S.W.2d 578 (Tex. App. Austin 1989, no pet.)................... 22

*Rylander v. State*, 101 S.W.3d 107, 110-111 (Tex. Crim. App. 2003) ................18

*Strickland v. Washington*, 466 U.S. 668 (1984) ............................................. 20,21

*Thompson v. State*, 9 S.W.3d 808, 813-814 (Tex. Crim. App. 1999) ..................17

*Tyra v. State,* 897 S.W.2d 796, 798 (Tex. Crim. App.1995) ............................... 22

*Vasquez v. State*, 830 S.W.2d 948, 950 n.3 (Tex. Crim. App. 1992) ...................18

*Walker v. State,*897 S.W.2d 812, 814 (Tex. Crim. App. 1995) .......................... 22

CONSTITUTIONS

U.S. Const. Amend VI.............................................................................  14

U.S. Const. Amend XIV .......................................................................14

STATUTES

Tex. Pen. Code   § 1.07(a)(17)(B) .....................................................................22

Tex. Pen. Code §§ 22.02(a)(2), 22.02(b) ................................. ....7, 17

Tex. Pen. Code §§ 22.07(a)(2), 22.07(b) ........................................17

RULES

Tex. R. App. Pro. 38 ..................................................................... 7

Tex. Rule Evid. 701..................................................... 17,21

Tex. Rule Evid. 702 ..................................................... 15,21

Tex. Rule Evid. 705 ..................................................... 15,21

TO THE HONORABLE JUDGES OF THE COURT OF APPEALS:

NOW COMES Michael John James, Appellant in this cause, by and through his attorney of record, Leonard Martinez, and pursuant to the provisions of Tex. R. App. Pro. 38, et seq., files this brief on appeal.

## IV.    STATEMENT OF THE CASE

The Appellant was charged with Aggravated Assault with a deadly weapon Tex. Pen. Code § 22.02(a)(2).  (CR 4-5).   The Appellant entered a plea of not guilty.  (CR 36).  The Appellant waived jury and was tried by the Court.  (4 RR 5). The Appellant was found guilty of Aggravated Assault with a deadly weapon  (4

RR 102). The Appellant was sentenced by the Court to three (3) years in the Institutional Division of the Texas Dept. of Criminal Justice on 2-27-15. (5 RR 4). A Motion for New Trial was filed on 3-16-15. (CR 55-58) The motion for new trial was overruled 4-13-15. (CR 62) Notice of Appeal was filed on 4-23-15 and was timely. (CR 65). A Certificate of Appeal was filed by the Court on 2-27-15. ( CR 44 ). This Court granted an extension to file brief until 9-21-15, and it is timely filed.

## V.    ISSUE PRESENTED

ISSUE ONE: Appellant was denied the effective assistance of counsel under the Sixth Amendment and a fair trial under the Fourteenth Amendment when trial counsel failed to object to a police officer testifying as an expert witness on the issue of deadly weapon when the evidence of a deadly weapon was otherwise insufficient.

## VI.    STATEMENT OF FACTS

On July 1, 2013, the Complainant, Sadai Simms, was coming from a drive through restaurant on Braker Lane, Austin, Texas where she bought lunch to take back to a class at the Austin Board of Realtors, on Braker Lane and Stonelake. (4 RR 27-29). After she left the drive through and got on Braker Lane she was

behind a vehicle driving slower. That is when she heard honking and looked in her rear view mirror and saw a pickup truck behind her. (4 RR 30). The gentleman in the pickup appeared very angry and was throwing his hands in the air and he was just really losing it. (4 RR 30).

The man in the pickup was flipping off the Complainant and came close to her bumper. He was about a foot behind her bumper. (4 RR 31). The car in front of her went to the center and she sped up. (4 RR 31). She believed she was in danger due to road rage. (4 RR 31) There were three lanes in the direction she was heading. She was in the far right lane. (4 RR 32). The Complainant testified she could hear the man in the pickup that was following her yelling racial epithets and threatening to kill her. (4 RR 33). She said he was screaming out of his window and that her windows were down. (4 RR 34).

The Complainant would testify further that she tried to speed up to stay the speed limit. He is on her bumper like trying to hit her. (4 RR 34). The pickup moved to the center lane and drove up to her side yelling, calling her names, and threatening to kill her. (4 RR 34). He was yelling and leaning over a female passenger in the pickup while holding on to the steering wheel. (4 RR 34). He was swerving his pickup as if to hit me and I would try and avoid it. (4 RR 35).

9

Every time I would brake, he would try to brake. (4 RR 35). He came right in front of my car like trying to hit it. (4 RR 35).

The Complaint says she ran up on the sidewalk because it appeared like he was trying to run her off the road. It was her two tires on the right that went on sidewalk. (4 RR 36). Her car only went on the curb once and she was trying to drag off the 'kit' that kind of bent on the bottom of her car. (4 RR 36). She says she went again and that the truck stopped in front of her and he was hollering and threatening her saying he was going to kill her. (4 RR 37) She says she slowed down when he was in front and that she was on the phone with 911 and focused on the license plate of the pickup. (4 RR 37). 911 told her to slow down. She said when she had gotten off the sidewalk she just slowed real slow and let him go on ahead. When asked if she had almost had a collision at that point she said no. (4 RR 38).

The Complainant on further questioning by the State said she had slowed all the way down and let him go. He came to a stop and just sat there for about a minute. (4 RR 38). She said she could not get past him, but he finally sped off yelling and continuing to threaten her. (4 RR 38). After she tried to let him go it looked like he was going to turn around to follow her. She then pulled into a hotel

10

in the area where the Austin Board of Realtors is located. (4 RR 38) She floored it and then left her car in front of the Austin Board of Realtors with her door open. (4 RR 38). She did not see him coming through the parking lot or anything like that. (4 RR 40).

On cross examination the Complainant believed the distance from the restaurant to the hotel was about three mile and she did not know how long she was on the phone with 911. And she was unsure how long the event actually took. (4 RR 42-44).

Officer Everett Beldin would testify for the State. (4 RR 44). He testified that he had worked as a patrol officer for the Austin Police Department for 10 years and that he had no prior law enforcement experience. (4 RR 45). His training consisted of the eight months of police academy and annual trainings which vary, a wide variety. (4 RR 45) His duties as a patrol officer was to take daily calls that would come up, anything from alarm calls to hot shot calls which are more serious calls. (4 RR 46).

He received a call from the 2500 block of East Braker Lane and could not remember if the call was about a a disturbance or reckless driver. (4 RR 46) He made contact with a black female who appeared afraid and upset. (4 RR 46). She

11

gave him the license plate number of the truck and he check it out. It came back to a Michael J. James. (4 RR 47). While testifying he was asked the following question by the State without objection or request by Trial Counsel to challenge the qualifications of the officer or his factual basis for his opinion:

Q. Do you know the definition of a deadly weapon?

A. Yes.

Q. And that definition is anything in the manner of its use or intended use that's capable of causing death or serious bodily injury?

A. Correct.

Q. Based on the story that you received from Ms. Simms, was the car a deadly weapon?

A. Yes.

Q. And based on your training and experience as an officer, can a vehicle be a deadly weapon?

A. Yes.

(4 RR 48)

The Appellant would testify that he did not intend to damage the Complainant's vehicle or cause an accident. (4 RR 72). On cross examination the

12

Appellant was asked:

Q. So really it seems the dispute that we have is whether or not you swerved your vehicle at Ms. Simms' vehicle and used it as a deadly weapon, would you agree with that?

A. No sir. I never use my truck as a vehicle — as a weapon. I like my truck too well.

(4 RR 75)

The Appellant when asked by Mr. Booher what traffic was like, Appellant answered that the traffic was really heavy. (4 RR 79-80)

The State had introduced without objection the 911 tape of Ms. Simms' call to 911 through the witness Frances Crist Herrera as State's Exhibit 1. (4 RR 25). The call lasts 6.24 minutes. The first three minutes are Ms. Simms describing what is happening in a strong, deliberate voice, no screaming, hollering, or panic. Her first words to 911 are giving the license plate number of the truck and a description of the truck. Within 30 seconds of the call Ms. Simms says he is threatening her life, cutting her off, and running her off the road. She said he was reaching for something saying he is going to blow my brains out. She saw no weapons exhibited. 911 operator tells her to slow down and pull over. She tells the operator

that there are cars all around her and was slowing all the way down. She said he tried to hit her twice, cutting me off, she hit her brakes, truck is in front of her crossing over MoPac and he was 4 or 5 cars ahead when she turned in Hampton Inn.

## VII. SUMMARY OF ARGUMENT

Trial counsel did not object to the expert opinion of a police officer that was offered by the State on the issue of deadly weapon without having been qualified by the State. Trial counsel did not object and challenge the police officer under Rule 702 of the Texas Rules of Evidence and did not challenge the factual basis upon which the officer's testimony was based under Rule 705 of the Texas Rules of Evidence. The evidence concerning whether the use of the vehicle of Appellant amounted to being a deadly weapon was insufficient. But for the opinion testimony of the police officer the evidence would have been insufficient to prove deadly weapon beyond a reasonable doubt. And as a result of the unchallenged testimony of the police officer, Appellant was deprived of the effective assistance of counsel under the Sixth Amendment and a fair trial under the Fourteenth Amendment. U.S. Const. Amend IV and U.S. Const. Amend XIV.

14

## VIII.  ARGUMENT AND AUTHORITIES

1. **ISSUE ONE RESTATED**: Appellant was denied the effective assistance of counsel  under the Sixth Amendment and a fair trial under the Fourteenth Amendment when trial counsel failed to object to a police officer testifying as an expert witness on the issue of deadly weapon when the evidence of a deadly weapon was otherwise insufficient.

   **i.**     Introduction

Usually ineffective assistance of counsel is not raised on direct appeal because often the record is not sufficiently developed.  But if trial counsel's errors and omissions are obvious from the record and there is no conceivable " reasonable trial strategy" ineffective assistance of counsel claims can be raised on direct appeal.  In fact, undersigned counsel believes that failing to raise this issue on appeal may constitute ineffective assistance of counsel on appeal.

In this case, trial counsel failed to object or challenge a police officer's offered expert opinion on the issue of deadly weapon without having even been qualified as an expert by reason of training or experience on vehicles as deadly weapons.  And further, trial counsel had a right to a hearing to determine whether the officer was qualified as an expert and also to challenge the factual basis for the officer's testimony.  Tex. Rule Evid. 702 and Tex. Rule Evid 705.  In this case

15

there was not one single question of the officer by the State or trial counsel about what type of training or experience the officer had concerning vehicles as deadly weapons. Was the officer an accident investigator or expert in accident reconstruction. Had the officer ever investigated an accident or vehicular crime resulting in serious injury of death. And what is the factual basis for his opinion, the story he was told by Ms. Simms which is presumably what she said on the 911 tape and her court testimony.

We do not know what the speed limit was. We do not know how fast the vehicles were moving. We do not know which part of Ms. Simms' car was almost hit and at what speed. We do not know how many traffic lights between the drive through restaurant and Hampton Inn. In fact, no one was asked. And was the distance three miles or actually just one. No one bothered to check with a proper and admissible data base. Surely an accident investigator would know this.

What we do know is there was no evidence as to any observable damage to Ms. Simms' car or Appellant's vehicle. We know that no one was injured. We do know that traffic was heavy, even Ms. Simms said there were cars all around her. We know that no other vehicle was hit or almost hit. We know that there were no other 911 calls other than Ms. Simms. And we know that for a good part of the

time involved Appellant's vehicle was in front of Ms. Simms. We know from Ms. Simms the speed involved was described as " real slow". See Statement of Facts supra with record citations. And we know that when Ms. Simms would brake Appellant would brake. Please refer to the Statement of Facts and cited record.

The crucial and most important issue in this case was whether the Appellant's vehicle was a deadly weapon. Without a deadly weapon finding we go from an aggravated assault with deadly weapon, a second degree felony punishable by up to 20 years in prison (Tex. Pen. Code §§ 22.02(a)(2) and 22.02(b), to a terroristic threat, a class b misdemeanor punishable by up to 180 days in jail (Tex. Pen. Code §§ 22.07(a)(2) and 22.07(b). Here trial counsel made no attempt to challenge the issue. The officer was not qualified and gave no factual basis for his opinion. And since he did not perceive the event he was not even qualified to testify as a lay witness. Tex. Rule Evid. 701.

**ii.** Standards for raising ineffective assistance of counsel on direct appeal

Generally, the record must be sufficiently developed to overcome the strong presumption of reasonable assistance of counsel at trial. See *Thompson v. State*, 9 S.W.3d 808, 813-814 (Tex. Crim. App. 1999). A silent record that provides no

17

explanation of trial counsel's actions will not overcome the strong presumption of reasonable assistance. *Rylander v. State*, 101 S.W.3d 107, 110-111 (Tex. Crim. App. 2003). However, as Appellant will show below, this Court should not " assume a strategic motive if any can be imagined" and find that trial counsel's performance sufficient because the mistakes that trial counsel committed in this case were so deficient that no competent attorney would have made such mistakes. See *Andrews v. State*, 159 S.W. 3d 98, 101 (Tex. Crim. App. 2005).

When it is clear from the record that there was "no strategy", a reviewing court may find on direct appeal that a trial attorney committed ineffective assistance of counsel. See *Vasquez v. State*, 830 S.W.2d 948, 950 n.3 (Tex. Crim. App. 1992) (finding ineffective assistance of counsel on direct appeal because trial counsel's failure to request an instruction on the only defense raised by the evidence "would not have been acceptable strategy"). In *Fuller v. State*, 224 S.W.3d 823 (Tex. App. Texarkana 2007), the court of appeals found that trial counsel had "no strategy" when, in a sexual assault of a child and indecency with a child case, trial counsel failed to object to improper testimony from four witnesses "bolstering" the 15 year old alleged victim's truthfulness and credibility. *Id.* at 835-836. See also *Aldrich v. State*, 296 S.W 2d 225, 232 (Tex. App. Ft. Worth,

2009, pet. ref.) (" the trial record on direct appeal alone may present the appellate court with sufficient information to conclude that no reasonable trial strategy would justify counsel's conduct because counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects trial counsel's subjective reasons for acting as he did*"*).

And in *Ramirez v. State*, 987 S.W. 2d 938, 943-947 (Tex. App. -Austin 2001), the of appeals found that the trial attorney was ineffective for failing to object to what was obvious hearsay testimony or to request a limiting instruction , limiting the jury's consideration of the statement for impeachment purposes only. Finally, in *Owens v. State*, 916 S.W. 2d 713, 717-719 (Tex. App. Waco 1996), the court of appeals agreed with the trial court's ruling that the alleged victims's prior statements were inadmissible as substantive evidence under the " statement against interest" exception to the hearsay rule because they did not make her the object of hatred, ridicule or disgrace by society. *Id.* However, because the victim's written statement and her original signed complaint were admissible only for the limited purpose of impeachment as a prior inconsistent statements, the trial attorney's failure to object or request a limiting instruction could not be considered sound trial strategy and created a reasonable probability that, but for his failure, the

19

verdict would have been different. *Id.*

**iii.** Standards for effective ineffective assistance of counsel

Under *Strickland v. Washington*, 466 U.S. 668 (1984), to show ineffective assistance of counsel, the defendant must show by a preponderance of the evidence that trial counsel's performance: (1) was deficient, and (2) prejudiced the defense. *Id*. at 687; see also *Ex parte McFarland* 163 S.W.3d 743, 753-754 (Tex. Crim. App. 2005) and *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Deficient trial counsel is shown if the defendant shows by a preponderance of the evidence that the trial counsel's " representation objectively fell below the standard of professional norms." See *McFarland,* 163 S.W.3d at 753 (the trial counsel's conduct deficient if he failed to act as " a reasonably competent attorney would have under the circumstances."); see also *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) and *Mitchell,* 68 S.W.3d at 642. A trial attorney's representation, evaluated as a whole, is presumed to fall within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813. The burden is on the defendant to show by a preponderance of the evidence that trial counsel's performance was ineffective. *Ib.*

"Prejudice" is proven by showing "a reasonable probability that, but for trial

counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. " Reasonable probability" is a "probability sufficient to undermine confidence in the outcome," or errors "...so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 694. See *Mitchell*, 68 S.W.3d at 644.

> **iv.** Counsel was ineffective for failing to object to the expert opinion of a police officer on the issue of a vehicle as a deadly weapon

The most important issue in this case was whether the Appellant used his vehicle as a deadly weapon. The officer was not a witness to the event and could not offer a lay opinion since he did not perceive the event. Tex. Rule Evid. 701. For any witness to offer expert testimony that witness must be qualified by reason of knowledge, skill, experience, training or education and said testimony should assist the trier of fact in understanding the evidence or deciding a fact in issue. Tex. Rule Evid. 702. The officer in this case was never qualified by the state and trial counsel neither objected or requested a hearing to challenge the officer's qualification to render an opinion. Further, trial counsel was entitled to voir dire or question the officer prior to his giving his expert opinion to determine if the officer has sufficient facts or data upon which to base his opinion. Tex. Rule Evid. 705.

A vehicle is not a deadly weapon per se. However, a vehicle can become a deadly weapon if it is used in a manner capable of causing death or serious bodily injury. Tex. Pen. Code § 1.07(a)(17)(B); *Ray v. State*, 880 S.W.2d 795, 796 (Tex. App. Houston [1ˢᵗ Dist.] 1994, no. pet.); *Ex parte McKithan*, 838 S.W.2d 560, 561 (Tex. Crim. App. 1992); *Roberts v. State*, 766 S.W.2d 578 (Tex. App. Austin 1989, no pet.).

Specific intent to use a vehicle as a deadly weapon is not required. *McCain v. State,* 22 S.W.3d 497, 503 (Tex. Crim. App. 2000); *Walker v. State,*897 S.W.2d 812, 814 (Tex. Crim. App. 1995). If it is proven, along with other evidence, that a vehicle is used recklessly or with criminal negligence, a deadly weapon finding may be appropriate. *Tyra v. State,* 897 S.W.2d 796, 798 (Tex. Crim. App.1995).

In *Brister v. State,* 449 S.W.3d 490 (Tex. Crim. App. 2014) the court held that based on the record before it, there was no reasonable inference that Brister used his vehicle as a deadly weapon. A court must view the evidence in the light most favorable to the verdict. *Jackson v. Virginia,*443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In *Brister,* id, the Court requires more than mere speculation or imagined harm, but actually placing someone in actual danger of serious harm.

In this case we know there was no injury or damage shown. We know no other cars were placed in danger, we know that the speed was as the Complainant stated, real slow. We know that when the Complaint says she went up on the sidewalk no one was actually placed in any danger and she was going real, real slow. The officer did not note any damages to tires or to the car, or at least did not testify to having seen any. But for the officer saying the vehicle was a deadly weapon, this record does not support a rational inference that a deadly weapon was used.

**v.** Conclusion

Because the evidence would have been insufficient to prove that Appellant's vehicle was a deadly weapon but for the un-objected to officer's expert opinion, Appellant received ineffective assistance of counsel and shows prejudice by virtue of a conviction for a second degree felony instead of a class b misdemeanor.

**PRAYER**

Appellant prays that this Honorable Court sustain point of error one, reverse, and remand for a new trial, reform the judgment to a conviction for terroristic threat and remand for sentencing, or enter a judgment of acquittal.

23

Respectfully submitted,

/s/Leonard Martinez
LEONARD MARTINEZ
812 San Antonio Street
Suite 101
Austin, Texas 78701
512-472-0958
512-472-3054 Fax
State Bar No. 13142750

ATTORNEY FOR APPELLANT

## Certificate of Service

I, Leonard Martinez, counsel for appellant do hereby certify that a true and correct copy of the foregoing document was faxed through the efiling system to Rosemary Lemberg, Travis County District Attorney, Travis County Criminal Justice Center, 509 W. 11th Street, Austin, Texas 78701 , fax number 512-854-9695by facsimile service this 21st Day of September, 2015.

/s/Leonard Martinez
Leonard Martinez
State Bar No. 13142750

## Certificate of Compliance

The pleading complies with TEX. R. APP. P 9.4.  According to the word count function of the program used to prepare the document, the brief contains 4543 words excluding the items not to be included within the word count limit.

/s/ Leonard Martine
Leonard Martinez
State Bar No. 13142750